Nash, C. J.
 

 The bill is filed to procure a specific performance of a contract for the sale of land. The contract ivas made in 1844, and was by parol. The bill was filed at Fall Term, 1854, of Haywood Court of Equity. In his bill, the plaintiff states that, in 1848, he made a written demand on the defendant to execute his contract by conveying to him the land previously sold, which the defendant declined doing at that time. The plaintiff soon thereafter, as shown by the testimony, left the State, and did not return until 1854, when the bill was filed. In the mean time, the defendant, as he states in his answer, believing that the plaintiff had abandoned his contract and did not wish to proceed in it, expended a considerable amount of money in improving the land. The plaintiff can not sustain his bill.
 

 When, in a contract, a particular time is specified for the performance of au act, time becomes, or may become, of its essence ; if, however, no time is specified, within which a performance is to be made, the party to the contract who wishes to enforce a specific performance, must come forward within a reasonable time to demand it. The contract was made in 1844, and the bill not filed until 1854, ten years thereafter. A portion of this time is not to be counted, to wit, from 1844 to 1848 — four years. From 1848 to the filing of the bill is six years, during which the plaintiff makes no effort to enforce his rights; on the contrary, he leaves the State, and does not return until 1854, just before the bill is filed. The defendant was well justified in believing that the plaintiff had abandoned his contract, and that he was at liberty to proceed in im
 
 *323
 
 proving the land. It would be doing injustice to the defendant, after such delay on the part of the plaintiff, and after he had dealt with the land as if discharged from his contract, to permit the plaintiff to come forward and insist upon a specific performance. What is reasonable time within which such a claim as this is to be preferred, the Court must decide under the circumstances ; and we are of the opinion that the plaintiff has laid by too long, and that he has not preferred his claim within reasonable time. See
 
 McDowell and others
 
 v.
 
 Sims,
 
 6 Ire. Eq. 276. Admitting that the letter of defendant in 1848 bound him, there was nothing to bind the plaintiff, and it would be unreasonable to keep the defendant bound for six years.
 
 Mizell
 
 v.
 
 Burnett,
 
 4 Jones’ Rep. 249.
 

 Per Curiam, Bill dismissed with costs.