A. H. RITTER v. I. F. CHANDLER AND C. T. CROCKER.

(Filed 4 January, 1939.)

1. **Vendor and Purchaser § 6—**

    Where an option does not specify the time within which the right to buy may be exercised, the right must be exercised within a reasonable time.

2. **Vendor and Purchaser § 23—**

    Conceding that delivery of notes by the purchaser constituted an acceptance of the option and waived tender of the purchase price, the purchaser *is held* estopped by his laches in waiting more than ten years after the execution of the contract to demand specific performance.

3. **Specific Performance § 3—**

    Long delay, accompanied by acts inconsistent with a purpose of performing a contract, will, if not waived by the seller, preclude the buyer from specific performance of the contract.

APPEAL by plaintiff from *Cowper, Special Judge,* at September Term, 1938, of MOORE.

Civil action for specific performance of alleged contract to convey real property.

Plaintiff alleges that on 8 October, 1926, defendant entered into a contract, which is registered in the deed records of Moore County, and offered in evidence, to lease to plaintiff a filling station and lot in question at specified monthly rental, with "the right and privilege and option of buying same at the price of $1,000" and with provision that

if plaintiff decided to buy, the monthly rentals should be credited on the purchase price. No time is stated for the beginning and termination of the lease, nor as to the period within which the option must be exercised. On the date of the contract, plaintiff delivered to defendant Chandler notes for $1,000, which have not been returned.

Plaintiff went into possession of the property but rented it to one DeWitt Short on 18 October, 1926, and requested that he pay rent to defendant Chandler. Short stayed there two or three years. Then, defendant Chandler rented to another and to several others in succession from time to time, all of whom paid rent to him. This continued until Chandler sold the property to his co-defendant, Crocker, a short time before this action was instituted on 23 September, 1937. Plaintiff had nothing to do with the renting to any of the tenants other than Short. He testifies "they were changing there one time pretty fast. *Every time I passed there Mr. Chandler would have a new man there."* Chandler built a house on the property while the tenant Parsons lived there. Plaintiff further testified: "I never paid Mr. Chandler anything and I did not ask him to make me a deed until I brought this suit. That is the first notice that I gave Mr. Chandler that I wanted a deed."

Defendant alleges that plaintiff abandoned the lease and option and surrendered the property, and pleads the three and ten years statutes of limitations, C. S., 441, 437, in bar of plaintiff's alleged cause of action.

From judgment as of nonsuit at close of plaintiff's evidence, plaintiff appeals.

*Seawell & Seawell for plaintiff, appellant.*
*U. L. Spence for defendant, appellee.*

PER CURIAM. Plaintiff seeks the specific performance of an unilateral contract or option to sell. No time being specified within which the right to buy may be exercised, that it must be exercised within a reasonable time is not subject to controversy. The evidence fails to show any effort on the part of plaintiff to exercise the right to take advantage of defendant's offer to sell until the institution of this action, and then there is no evidence of tender of the purchase price. But, if it be conceded that the delivery of notes on 6 October, 1926, constitutes an acceptance of offer to sell, and a waiver of tender, the delay of more than ten years to seek to enforce specific performance is such laches as will defeat the right thereto. "When in a contract . . . no time is specified within which a performance is to be made, the party to the contract who wishes to enforce a specific performance must come forward within a reasonable time to demand it." *Nash, C. J., in Francis*

*v. Love,* 56 N. C., 321. In that case a delay of six years was held to bar specific performance.

Long delay, accompanied by acts inconsistent with a purpose of performing a contract, will, if not waived by the seller, preclude the buyer from specific performance of the contract. *Holden v. Purefoy,* 108 N. C., 163, 12 S. E., 848; *Beattie v. R. R.,* 108 N. C., 425, 12 S. E., 913; *May v. Getty,* 140 N. C., 310, 53 S. E., 75.

Here, as was said in *Francis v. Love, supra,* we are of opinion that "the plaintiff has laid by too long, and that he has not preferred his claim within reasonable time."

The judgment below is.

Affirmed.