GEORGE W. SANDLIN AND WIFE, LULA D. SANDLIN, v. MADELINE MASHBURN TAYLOR WEAVER, INDIVIDUALLY, AND AS TRUSTEE FOR MAMIE SANDLIN MASHBURN, AND MAMIE SANDLIN MASHBURN.

(Filed 13 October, 1954.)

**1. Deeds § 5—**

The date recited in a deed or other writing is at least *prima facie* evidence that the instrument was executed and delivered on such date.

**2. Deeds § 11—**

Where plaintiffs' rights are dependent upon whether the deed and a contract executed by grantees should be construed together as parts of one transaction, and there is conflicting evidence as to whether the instruments were executed at the same time, the plaintiffs' contention will be taken as true for the purpose of determining defendants' motion to nonsuit.

**3. Vendor and Purchaser § 5a—Contract executed by grantees contemporaneously with delivery of deed held to constitute option.**

Where a contract executed by grantees contemporaneously with the execution and delivery of the deed gives the grantors the right to repurchase upon the payment of a stipulated sum if grantees should elect to sell at any time in their lifetimes, with further provision that upon the death of the survivor grantee, the land should become the property of grantors upon the payment of a stipulated sum to the other heir of grantees *is held* to constitute an option, giving grantors the unilateral right to purchase during the lifetimes of grantees if they or the survivor should elect to sell, and the absolute right to purchase upon the death of the survivor grantee.

**4. Same—**

A contract by which an owner of real property agrees with another person that the latter should have the privilege of buying the property at a specified price within a specified time, or within a reasonable time. in the future, and which imposes no obligation to purchase upon the person to whom it is given, is an option, which confers a mere right to acquire the property by exercising the option, but conveys neither ownership nor any interest in the property itself.

**5. Same—**

The fact that a contract describes the rights created thereunder as an option is not conclusive, but is a circumstance bearing upon the intent of the parties.

**6. Same—**

Where an option does not specify the time within which the right to buy may be exercised, such right must be exercised within a reasonable time.

**7. Same—**

Plaintiff grantors were given the absolute right to exercise their option to repurchase the land upon the death of the survivor grantee. *Held:* An attempt by plaintiffs to exercise the option more than 11 years after their rights became absolute is too late.

**8. Wills § 44—**

The beneficiary and executor of a will by accepting real and personal property devised and bequeathed to him by the will is estopped from asserting any interest in lands which the testatrix devises to a third person.

**9. Limitation of Actions § 9—**

If a trustee devises the trust property in fee simple, free from and contradictory to the terms of the trust, such devise is a repudiation or disavowal of the trust, and starts the running of the Statute of Limitations against the *cestui* who has actual knowledge thereof and constructive notice thereof by the probate of the will.

APPEAL by plaintiffs from *Dan K. Moore, J.,* February Term, 1954, of McDOWELL.

Action for specific performance of contract to convey realty.

George W. Sandlin, plaintiff, and Mamie Sandlin Mashburn, defendant, are the children of J. C. Sandlin and wife, Susie Sandlin, now deceased.

George W. Sandlin owned a corner lot in the Town of Old Fort, fronting fifty feet on the north side of Main Street and extending at that width one hundred feet along the west side of Church Street. His parents owned a lot of like dimensions immediately to the west of the George W. Sandlin lot. Together, the property fronted 100 feet on Main and 100 feet on Church Street.

By deed dated 28 May, 1923, G. W. Sandlin and wife, Lula Sandlin, conveyed their said corner lot (50′ x 100′) to J. C. Sandlin and Susie Sandlin. This deed, containing the usual provisions of a fee simple warranty deed, was acknowledged 16 June, 1923, filed for registration 2 July, 1923, and duly recorded.

A contract, executed by J. C. Sandlin and Susie Sandlin, was acknowledged 5 December, 1923, filed for registration 26 December, 1923, and duly recorded. The contract is set out in full below.

"STATE OF NORTH CAROLINA

McDOWELL COUNTY.

"For the sum of One Dollar to them in hand paid the receipt of which is hereby acknowledged J. C. Sandlin and his wife, Susie Sandlin, and

their heirs being mutually bound, and enter into the following contract, with G. W. Sandlin, and his wife, Lula Sandlin, and their heirs as follows: That the said J. C. Sandlin and his wife, Susie Sandlin, agree to the following conditions and covenant that the two lots on Main Street on which is built a brick dwelling, bounded as follows, on South by Main Street and East by Church St., on North by Betty Hamilton property and on West by Dr. Johnson property, the aforesaid two lots being one hundred feet square, shall be held at the option of G. W. Sandlin and Lula Sandlin and their heirs, if ever sold, and the sum to be paid for aforesaid property by G. W. Sandlin, Lula Sandlin and their heirs shall not exceed five thousand dollars, if sold in lifetime of either J. C. Sandlin or Susie Sandlin, and after the death of aforesaid J. C. Sandlin and Susie Sandlin, the aforesaid House and two lots shall become the property of G. W. Sandlin and Lula Sandlin and their heirs upon payment of a sum not to exceed twenty-five hundred dollars to Mayme Mashburn or her legal heirs, and the said Mayme Mashburn, her heirs shall be bound by this agreement, without recourse.

"This contract is made and entered upon in good faith for the reason that the said G. W. Sandlin and his wife, Lula Sandlin, for love and other valuable considerations sold to J. C. Sandlin and Susie Sandlin their one-half interest in the aforesaid property, as conveyed in deed dated May twenty-eighth, nineteen hundred and twenty-three, to the use of the aforesaid J. C. and Susie Sandlin for their use during their lifetime and it is understood that the aforesaid property shall revert back to the aforesaid G. W. Sandlin, Lula Sandlin and their heirs by paying in cash as aforesaid in this contract.

"This agreement and contract made and entered into May 28th, 1923."

J. C. Sandlin died 10 June, 1930. Susie Sandlin died 30 July, 1942, testate. Her Last Will and Testament bears date of 8 April, 1941, and was duly probated 3 October, 1942. In Item IX she devised five parcels of land to George W. Sandlin, plaintiff, and "a one-half undivided interest in and to all of the remainder and residue of my property, real, personal and mixed of whatsoever character, nature or kind, and wheresoever the same may be located at my death; subject, however, to the provisions of Item 10 of this will, as hereinafter set out." In Item X she devised to Madeline Mashburn Taylor, as trustee for her mother, Mamie Sandlin Mashburn, certain described real property, including "(b) That certain lot on the corner of Main Street and Church Street in the Town of Old Fort, North Carolina, on which is located my brick residence," and "a one-half undivided interest in all of the remainder and residue of my property, real, personal and mixed, of whatsoever character, nature or kind and wheresoever the same may be located at my death." George W. Sandlin, plaintiff, was named Executor of the Will.

It was stipulated that the property on which was located the brick residence, described in Item X (b) as set out above, was the property (100' x 100') located at the northwest corner of Main and Church Streets.

Plaintiffs alleged that defendants were renting the said property for a rental in excess of $50.00 per month.

It was stipulated that on 16 October, 1953, plaintiffs tendered to defendants the sum of $2,500.00 and demanded that defendants execute and deliver to them a fee simple deed for said property and that defendants rejected the tender and refused to comply with such demand.

After offering deeds and the contract of 28 May, 1923, the record shows: "Counsel for plaintiffs then offered in evidence, for the limited purpose of showing title to the lands in controversy in the defendants, subject to the Contract recorded in Deed Book 65, at page 337, the Last Will and Testament of Susie Sandlin, dated April 8th 1941, duly probated on October 3, 1942, . . ." The reference is to the contract of 28 May, 1923.

Plaintiffs allege that they are ready, able and willing to pay the $2,500.00. The prayer for relief is that plaintiffs be declared the owners of the property, free and clear of any claim or demand of the defendants, except the claim of $2,500.00, that a writ of possession issue, and that defendants be required to account to the plaintiffs for all rentals collected from said property from and after 16 October, 1953, together with interest on the same.

The evidence consisted wholly of the documents and the stipulations. There was no testimony.

The court below signed judgment of involuntary nonsuit at the close of plaintiffs' evidence. Plaintiffs excepted and appealed.

*Proctor & Dameron for plaintiffs, appellants.*
*Styles & Styles for defendants, appellees.*

BOBBITT, J. Plaintiffs contend that the two instruments, the deed and the contract, bearing date of 28 May, 1923, were executed at the same time. Defendants contend otherwise. "The date recited in a deed or other writing is at least *prima facie* evidence that the instrument was executed and delivered on such date." Stansbury on Evidence, sec. 229; *Turlington v. Neighbors,* 222 N.C. 694, 24 S.E. 2d 648; *Fortune v. Hunt,* 149 N.C. 358, 63 S.E. 82; *Kendrick v. Dellinger,* 117 N.C. 491, 23 S.E. 438.

On motion for judgment of nonsuit, we consider and construe the two instruments together as parts of one transaction. *Lewis v. Nunn,* 180 N.C. 159, 104 S.E. 470; 12 Am. Jur., Contracts, sec. 246; 17 C.J.S., Contracts, sec. 298.

In the transaction of 28 May, 1923, it was the intent of the parties for plaintiffs to have the option to purchase the property at $5,000.00 from J. C. Sandlin and Susie Sandlin if they desired to sell in their lifetime or in the lifetime of the survivor. It is noteworthy that the right to purchase during this period was not absolute but exercisable only if J. C. Sandlin and Susie Sandlin, or the survivor, desired to sell. According to the contract, their right to purchase became absolute upon the death of J. C. Sandlin and Susie Sandlin.                    ·

It is stated in 55 Am. Jur., Vendor and Purchaser, sec. 27: "An option to purchase real property may be defined as a contract by which an owner of real property agrees with another person that the latter shall have the privilege of buying the property at a specified price within a specified time, or within a reasonable time in the future, and which imposes no obligation to purchase upon the person to whom it is given. Until the holder or owner of an option for the purchase of property exercises it, he has nothing but a mere right to acquire an interest, and has neither the ownership of nor any interest in the property itself."

Rights of plaintiffs under the contract constitute option rights. The contract is unilateral. Plaintiffs are not legally bound to purchase the property from anybody at any price at any time. The contract itself describes plaintiffs' rights as an option. While this is not conclusive, it is a circumstance bearing upon the intent of the parties. *Lewis v. Nunn, supra.*

Treated as an option, plaintiffs' rights as against defendants accrued upon the death of Susie Sandlin. No election to exercise their option was made until their tender of $2,500.00 on 16 October, 1953, more than eleven years after their rights accrued. "No time being specified within which the right to buy may be exercised, that it must be exercised within a reasonable time is not subject to controversy." *Ritter v. Chandler,* 214 N.C. 703, 200 S.E. 398. Considered in the light most favorable to plaintiffs, they had to exercise their option rights within a reasonable time. We agree with the court below. Plaintiffs waited too long. Nothing was done within a reasonable time from the death of J. C. Sandlin and Susie Sandlin to exercise their option rights. *Ritter v. Chandler, supra; Francis v. Love,* 56 N.C. 321.                    ·

We have considered the case upon the assumption that the plaintiffs' option to purchase was valid. Attention is directed to the fact that the plaintiffs' option rights run in favor of plaintiffs, *and their heirs,* and purport to be binding upon J. C. Sandlin and Susie Sandlin, *and their heirs.* We need not now decide whether the contract itself was void as being an unreasonable restraint upon alienation. Anno., "Option to purchase as violation of rule against perpetuities or rule forbidding restraints on alienation." 162 A.L.R. 581 *et seq.*

Apparently, on 28 May, 1923, the parties had it in mind that J. C. Sandlin and Susie Sandlin would die intestate; and that in such case George W. Sandlin would inherit an undivided one-half interest in the property and would acquire the right to purchase at $2,500.00 the undivided one-half interest inherited by Mamie Mashburn. The fact that $2,500.00 (rather than $5,000.00) was to be paid to Mamie Mashburn, or her legal heirs, suggests that it was contemplated that she, upon the death of her parents, would own an undivided one-half interest. If this was the original intent, subsequent events indicate a radical departure therefrom. Presumably, J. C. Sandlin died intestate. Susie Sandlin died testate, devising this property in fee simple to or for the benefit of Mamie Mashburn. Other property was devised to George W. Sandlin. He was named as executor. Defendants went into possession of this property and have continued in possession thereof. If George W. Sandlin qualified as executor and accepted real and personal property of Susie Sandlin devised and bequeathed to him by her will, it would seem that he is estopped to assert any interest in property devised by Susie Sandlin in fee simple to Mamie Mashburn. As stated by *Denny, J.,* in *Trust Co. v. Burrus,* 230 N.C. 592, 55 S.E. 2d 183:

"The doctrine of election is based upon the principle that a devisee or donee cannot take benefits under a will and reject its adverse provisions. *Lamb v. Lamb,* 226 N.C. 662, 40 S.E. 2d 29. The beneficiary under a will is not required to elect unless two benefits are presented which are inconsistent with each other. And when the beneficiary chooses to accept one of them such choice is tantamount to a rejection of the other. He will not be permitted to take under the will and against it. And where the devisor purports to devise property which belongs to the beneficiary, giving it to another, and also devises property of his own to the beneficiary, such beneficiary must make a choice between retaining his own property, which has been given to another, or take the property which has been given him under the terms of the will. By electing to take the gift from devisor's estate, he is estopped from claiming his own property. *Elmore v. Byrd,* 180 N.C. 120, 104 S.E. 162; 57 Am. Jur. 1060; 69 C.J. 1089."

Plaintiffs contend that the contract of 28 May, 1923, created a trust; that J. C. Sandlin and Susie Sandlin, during their lifetime, and defendants, after the death of the parents, were trustees for plaintiffs; and that there was no repudiation or disavowal of the trust until 16 October, 1953, when they rejected plaintiffs' tender of $2,500.00 and refused to convey the property to plaintiffs. While we cannot accept the interpretation that the contract created a trust, if this were true plaintiffs' action would be barred by the pleaded statutes of limitation. For if Susie Sandlin were a trustee, she repudiated and disavowed such trust unequivocally when

she devised the property in fee simple to or for the benefit of Mamie Mashburn; and it must be presumed, nothing else appearing, that defendants, who derive their title through the Will, took possession and have continued possession according to their rights as defined in the Will, that is, as owners in fee simple. When a trustee by devise disposes of trust property in fee simple, free from and in contradiction of the terms of the trust, this is a repudiation or disavowal of the trust. *Pownall v. Connell*, 155 Kan. 128, 122 P. 2d 730; *Bend v. Marsh*, 145 Neb. 780, 18 N.W. 2d 106; *Lassiter v. Bouche*, Tex. Civ. App., 5 S.W. 2d 831. The probate of the Will gave constructive notice of its provisions. *Bend v. Marsh, supra*. In appellants' brief, it is stated: "There is nothing in the record to show that the estate was finally settled and when the executor, the plaintiff, George W. Sandlin, filed his Final Report." Apparently, there is no question but that plaintiffs had actual as well as constructive notice of the provisions of the Will of Susie Sandlin. Indeed, the only inference to be drawn is that George W. Sandlin, the executor, offered it for probate. The result is that plaintiffs' action, if treated as an action for breach of trust, is barred by the statutes of limitation. *Teachey v. Gurley*, 214 N.C. 288, 199 S.E. 83; *Jarrett v. Green*, 230 N.C. 104, 52 S.E. 2d 223; G.S. 1-52; G.S. 1-56.

For the reasons stated, the judgment of the lower court is
Affirmed.