HOWARD AND MAYMIE PAGE, Plaintiffs-Appellants v. LEXINGTON INSURANCE COMPANY, Defendant-Appellee

No. COA05-1012

(Filed 18 April 2006)

### 1. Unfair Trade Practices— allegations—sufficiency to state claim

Plaintiffs' allegations stated a claim for unfair and deceptive trade practices under N.C.G.S. § 58-63-15(11)(b),(c),(e) and (f) in defendant's handling of an insurance claim, and the trial court erred by granting defendant's Rule 12(b)(6) motion to dismiss.

### 2. Unfair Trade Practices— statute of limitations—underlying insurance claim

The trial court erred by granting defendant's Rule 12(b)(6) motion to dismiss an unfair and deceptive practices claim with the statement that it would be "bad policy" to allow an unfair practices claim to proceed when the underlying insurance claim was barred by the statute of limitations. The General Assembly is the policy making body of the State.

### 3. Civil Procedure— Rule 12(b)(6) motion to dismiss—standard applied by trial court

The trial court applied the correct standard of review when granting defendant's motion for a Rule 12(b)(6) dismissal where the court's reference to the "forecast of evidence" referred to the allegations in the complaint; the court stated that it only considered the pleadings, motion, citations of law, and arguments of counsel; and plaintiffs have not established that the trial court relied upon any other information in ruling on defendant's motion.

Appeal by plaintiffs from order entered 23 May 2005 by Judge Anderson D. Cromer in Superior Court, Forsyth County. Heard in the Court of Appeals 7 March 2006.

PAGE v. LEXINGTON INS. CO.

[177 N.C. App. 246 (2006)]

*Maupin Taylor, P.A., by Kurt J. Olson, for plaintiffs-appellants.*

*Cozen O'Connor, by Tracy L. Eggleston, for defendant-appellee.*

McGEE, Judge.

Howard and Maymie Page (plaintiffs) filed a complaint on 28 July 2004 against Lexington Insurance Company (defendant), alleging claims for breach of contract, breach of fiduciary duty, bad faith, unfair and deceptive trade practices (UDTP), and waiver and estoppel.

Plaintiffs alleged the following: On 21 February 2001, an employee of BellSouth Telecommunications, Inc. ruptured an underground septic/sewer pipeline on plaintiffs' real property. The rupture caused an undetermined amount of wastewater to spill into plaintiffs' residence. As a result, plaintiffs suffered property damage and adverse physical reactions such as accelerated heart rates, shortness of breath, skin rashes and headaches. Plaintiffs vacated their residence on 23 February 2001.

Plaintiffs further alleged they filed an insurance claim with defendant in accordance with the terms and conditions of their insurance policy with defendant. A detailed recitation of the remainder of plaintiffs' allegations is not necessary to the determination of the legal issues presented by this appeal. Those allegations which are relevant are set forth in the analysis section of this opinion.

Defendant filed an answer and motion to dismiss plaintiffs' complaint based upon the applicable statutes of limitations. The trial court granted defendant's motion to dismiss in an order filed 23 May 2005. Plaintiffs appeal.

I.

Plaintiffs first argue the trial court committed reversible error by dismissing their UDTP claim. We agree. At the hearing on defendant's motion to dismiss, the trial court stated the bases for its dismissal of plaintiffs' UDTP claim:

The [Trial] Court realizes that [the statute of limitations for] the [UDTP claim], nothing else appearing, is four years. However, the same factual basis for alleging estoppel is being alleged as the basis for the [UDTP claim].

The [Trial] Court finds that that basis is not sufficient to raise a[] [UDTP] claim, and for that reason—plus that it would

be bad policy to allow—for every expired claim against an insurance company to basically allow one more year to bring a[] [UDTP claim].

The [Trial] Court is going to grant the motion.

When ruling upon a 12(b)(6) motion to dismiss, a trial court must determine as a matter of law whether the allegations in the complaint, taken as true, state a claim for relief under some legal theory. *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *aff'd per curiam*, 357 N.C. 567, 597 S.E.2d 673 (2003). On appeal of a 12(b)(6) motion to dismiss for failure to state a claim, our Court "conduct[s] a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Id.*

**[1]** In this case, the trial court stated two grounds for its ruling, which we address separately. The trial court first stated that plaintiffs' alleged factual basis for their UDTP claim was insufficient to state a claim. N.C. Gen. Stat. § 75-1.1(a) (2005) provides that "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful." N.C. Gen. Stat. § 75-16 (2005) creates a cause of action to redress injuries caused by violations of Chapter 75 of the General Statutes and provides that any damages recovered shall be trebled. These two statutes establish a private cause of action for consumers. *Gray v. N.C. Ins. Underwriting Ass'n*, 352 N.C. 61, 68, 529 S.E.2d 676, 681 (2000). The statute of limitations applicable to UDTP claims is four years. N.C. Gen. Stat. § 75-16.2 (2005).

"In order to establish a violation of N.C.G.S. § 75-1.1, a plaintiff must show: (1) an unfair or deceptive act or practice, (2) in or affecting commerce, and (3) which proximately caused injury to [the] plaintiff[]." *Gray*, 352 N.C. at 68, 529 S.E.2d at 681. By statute, an unfair or deceptive act or practice includes:

Unfair Claim Settlement Practices.—Committing or performing with such frequency as to indicate a general business practice of any of the following: Provided, however, that no violation of this subsection shall of itself create any cause of action in favor of any person other than the Commissioner:

. . . .

b. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

. . . .

d. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

e. Failing to affirm or deny coverage of claims within a reasonable time after proof-of-loss statements have been completed;

f. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear[.]

N.C. Gen. Stat. § 58-63-15(11) (2005).

In *Gray*, our Supreme Court held as follows:

An insurance company that engages in the act or practice of "[n]ot attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear," N.C.G.S. § 58-63-15(11)(f), also engages in conduct that embodies the broader standards of N.C.G.S. § 75-1.1 because such conduct is inherently unfair, unscrupulous, immoral, and injurious to consumers. Thus, such conduct that violates subsection (f) of N.C.G.S. § 58-63-15(11) constitutes a violation of N.C.G.S. § 75-1.1, as a matter of law, without the necessity of an additional showing of frequency indicating a "general business practice," N.C.G.S. § 58-63-15(11).

*Gray*, 352 N.C. at 71, 529 S.E.2d at 683 (internal citation omitted). In *Country Club of Johnson Cty., Inc. v. U.S. Fidelity & Guar. Co.*, 150 N.C. App. 231, 563 S.E.2d 269 (2002), our Court relied upon *Gray* to hold that "[i]t follows that the other prohibited acts listed in N.C. Gen. Stat. § 58-63-15(11) are also acts which are unfair, unscrupulous, and injurious to consumers, and that such acts therefore fall within the 'broader standards' of N.C. Gen. Stat. § 75-1.1." *Country Club of Johnson Cty., Inc.* at 246, 563 S.E.2d at 279.

In the present case, plaintiffs alleged in their complaint, *inter alia*, that defendant: (1) "fail[ed] to acknowledge and act reasonably promptly upon communications with respect to [plaintiffs'] claims"; (2) "fail[ed] to promptly investigate the incident while having specific

knowledge that [plaintiffs] were incurring substantial additional living expenses . . . outside of their home"; (3) "fail[ed] to promptly affirm or deny coverage while having specific knowledge that [plaintiffs] were incurring substantial additional living expenses . . . outside of their home"; (4) "fail[ed] to promptly inform [plaintiffs] whether and under what circumstances additional living expenses would be reimbursable under the policy while having specific knowledge that [plaintiffs] were incurring substantial additional living expenses that [plaintiffs] believed were covered"; and (5) "fail[ed] to effectuate prompt, fair and equitable settlement of [plaintiffs'] claim[.]" Plaintiffs' allegations, taken as true, are sufficient to establish violations of N.C.G.S. § 58-63-15(11)(b), (d), (e), and (f). Therefore, pursuant to *Gray* and *Country Club of Johnson Cty., Inc.*, plaintiffs stated a claim for unfair and deceptive trade practices.

**[2]** The trial court also granted defendant's motion to dismiss on the ground that it would be "bad policy" to allow a claim for UDTP to proceed when the claim on the underlying insurance policy was barred by the statute of limitations. However, the trial court misconstrued the applicable law.

"[I]t is well-recognized that actions for unfair or deceptive trade practices are distinct from actions for breach of contract." *Boyd v. Drum*, 129 N.C. App. 586, 593, 501 S.E.2d 91, 97 (1998), *aff'd per curiam*, 350 N.C. 90, 511 S.E.2d 304 (1999). In *Bernard v. Central Carolina Truck Sales*, 68 N.C. App. 228, 314 S.E.2d 582, *disc. review denied*, 311 N.C. 751, 321 S.E.2d 126 (1984), our Court held that "[a]n action for unfair or deceptive acts or practices is 'the creation of . . . statute. It is, therefore, sui generis. It is neither wholly tortious nor wholly contractual in nature . . . .' " *Id.* at 230, 314 S.E.2d at 584 (quoting *Slaney v. Westwood Auto, Inc.*, 322 N.E.2d 768, 779 (Mass. 1975)); *see also, Marshall v. Miller*, 302 N.C. 539, 543, 276 S.E.2d 397, 400 (1981) (recognizing that the General Assembly created a private cause of action for unfair or deceptive trade practices because "common law remedies had proved often ineffective").

Moreover, our Court has consistently treated UDTP claims as separate and distinct from other claims with respect to statutes of limitations. *See Skinner v. Preferred Credit*, 172 N.C. App. 407, 414, 616 S.E.2d 676, 680-81, *cert. allowed*, 360 N.C. 177, 626 S.E.2d 650 (2005) (applying a four-year statute of limitations to the plaintiffs' UDTP claim, applying a two-year statute of limitations to the plaintiffs' usury claim, and finding that both were barred by their respective

statutes of limitations); *see also, Hunter v. Guardian Life Ins. Co. of Am.*, 162 N.C. App. 477, 485, 593 S.E.2d 595, 601, *disc. review denied*, 358 N.C. 543, 599 S.E.2d 48 (2004) (applying a four-year statute of limitations to the plaintiffs' UDTP claim, applying a three-year statute of limitations to the plaintiffs' fraud and negligent misrepresentation claims, and finding that none of the claims were barred by their respective statutes of limitations).

In the present case, plaintiffs' claims for breach of contract, breach of fiduciary duty, and bad faith arose on 21 February 2001, and plaintiffs did not file their complaint until 28 July 2004. Plaintiffs' claims for these causes of action were thus barred by the three-year statute of limitations applicable to these claims. *See* N.C. Gen. Stat. § 1-52(12) (2005) (providing that a claim for loss covered by an insurance policy is subject to a three-year statute of limitations). However, plaintiffs' UDTP claim was separate and distinct from plaintiffs' claims on the underlying insurance policy, and the UDTP claim is therefore governed by the four-year statute of limitations applicable to such claims. *See Hunter*, 162 N.C. App. at 485, 593 S.E.2d at 601. The incident giving rise to plaintiffs' UDTP claim occurred on 21 February 2001 and plaintiffs filed their complaint on 28 July 2004, less than four years later. Therefore, plaintiffs' UDTP claim was not barred by the statute of limitations.

We further note that the General Assembly is the policy-making body of the State of North Carolina. *Rhyne v. K-Mart Corp.*, 358 N.C. 160, 169, 594 S.E.2d 1, 8 (2004). In *Rhyne*, our Supreme Court explained that "[t]he General Assembly is the 'policy-making agency' because it is a far more appropriate forum than the courts for implementing policy-based changes to our laws." *Id.*

For the reasons stated above, we reverse the trial court's grant of defendant's motion to dismiss plaintiffs' UDTP claim and remand this claim to the trial court. Because we reverse and remand, we need not address plaintiffs' remaining arguments pertaining to their UDTP claim.

II.

[3] Plaintiffs also argue "[t]he trial court improperly found, without referring to or giving full credit to the allegations in the complaint, that [plaintiffs] failed to state sufficient allegations to demonstrate that [defendant] waived the statute of limitations applicable to [plaintiffs'] action to recover on the insurance policy." At the hearing on

defendant's motion to dismiss, the trial court stated: "In this case the [Trial] Court finds that based on the forecast of the evidence from . . . plaintiff[s] that sufficient factual basis has not been alleged to create an estoppel of the three-year statute of limitations on the underlying claim[s] on the policy."

We note that plaintiffs do not argue that their complaint stated sufficient allegations of estoppel. Plaintiffs only argue that the trial court applied the incorrect standard of review. Although the trial court used the phrase "forecast of the evidence" in its ruling on defendant's motion to dismiss, it appears the trial court was referring to the allegations in plaintiffs' complaint. In fact, the trial court stated that "sufficient factual basis has not been alleged[.]" In its order, the trial court stated that it only "considered the pleadings, motion, citations of law, and arguments of counsel." Plaintiffs have not established that the trial court relied upon any other information in ruling on defendant's motion to dismiss. The trial court therefore applied the correct standard of review by determining that plaintiffs' allegations, taken as true, did not state sufficient facts to allege estoppel. *See Leary*, 157 N.C. App. at 400, 580 S.E.2d at 4. In that plaintiffs' claims for breach of contract, breach of fiduciary duty, and bad faith were barred by the applicable three-year statute of limitations, and because plaintiffs failed to state a claim for estoppel, we affirm the trial court's dismissal of those claims.

Affirmed in part; reversed and remanded in part.

Judges CALABRIA and GEER concur.