VERILY LASTER, PATTIE PAGE MIMS, DOROTHY PAGE THORPE, WHITNEY RICH, JESSICA RICH, EVELYN PAGE ROSS, YVONNE PAGE DEWAR, NORMAN DAVIS, GWENDOLYN DAVIS, LISA DAVIS, GLORIA ANN CLAY, JOHNNIE DAY CLAY, JAMES RAY CLAY, JR., MICHELLE CLAY WARD, CYNTHIA CLAY, ELSIE PAGE CLAY, AND BOBBY LAMBERTH, TERRANCE LAMBERTH, AARON LAMBERTH, WELLINGTON LAMBERTH, SHAWN TUCKER, KEVIN TUCKER, ROBERT TUCKER, MICHAEL TUCKER, MICHAEL T. BULLOCK, CRYSTAL BULLOCK, MARK TUCKER, DEBRA BURCH, RONALD MITCHELL LAMBERTH, ERNEST BURCH, MABEL BURCH, KELAN PENNINGTON, DEANNA TRICE, CHARLENE BULLOCK, LISA BURCH CAMPBELL, IVA SHIRLEY LAMBERTH WILSON JONES, CORA LAMBERTH JOHNSON BENSON, ALBERTA LAMBERTH JONES WILLIS, JOYCE LAMBERTH LEGETTE, KENNETH VERNON LAMBERTH, SR., GERALDINE LAMBERTH CAMPBELL, AND OTHERS TO BE NAMED WHO ARE LIVING DESCENDANTS OF THE DAUGHTERS OF JAMES ERNEST PAGE AND JESSIE McLAMB PAGE, PLAINTIFFS V. CHARLES T. FRANCIS IN HIS REPRESENTATIVE CAPACITY AS AGENT FOR THE "SERIES A NOTEHOLDER", EVERETTE NOLAND IN HIS REPRESENTATIVE CAPACITY AS AGENT FOR THE "SERIES B NOTEHOLDERS", CHARLES T. FRANCIS IN HIS REPRESENTATIVE CAPACITY AS AGENT FOR THE "SERIES C NOTEHOLDERS", SHIRLEY B. PAGE, TOYNETTE MICHELLE PAGE OGDEN, INGRID P. WATSON, JOEL CHRISTOPHER PAGE, NANNIE VELMA PAGE, DAVID ALLEN PAGE, SHARON V. PAGE, DEBRA PAGE EVANS, BEVERLY PAGE RAMOS, MARJORIE DAVIS ADAMSON, VERA DAVIS BENNETT, VIRLIE MAE DAVIS McKAY, GAIL ALLEN HUNTER, LAVERNE ALLEN VILLAGONDA, EDEAN STURDIVANT, MICHAEL ALLEN, RUDDIE ALLEN, DEIDRE ALLEN, DEMETRIUS ALLEN, AND ROBIN EDEAN DAVIS, DEFENDANTS

No. COA08-1230

(Filed 1 September 2009)

## Trusts— repudiation of family trust—statute of limitations expired

A *de novo* review revealed the trial court did not err in an action seeking to recover a portion of the proceeds from the sale of property that was part of an alleged family trust by granting defendants' motions to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6) based upon the expiration of the statute of limitations applicable to trust estates.

Appeal by plaintiffs from order entered 20 March 2008 by Judge Michael R. Morgan in Wake County Superior Court. Heard in the Court of Appeals 6 April 2009.

*David S. Crump, for plaintiff-appellants.*

*The Francis Law Firm, PLLC, by Charles T. Francis, for defendant-appellees Shirley B. Page, Toynette Michelle Page Ogden, Ingrid P. Watson, and Joel Christopher Page.*

*Smith Moore Leatherwood LLP, by Mark A. Finkelstein and Kelly T. Ensslin for defendant-appellees Nanny Velma Page, David Allen Page, Beverly Page Ramos, Debra Page Evans, and Sharon V. Page.*

STEELMAN, Judge.

Because plaintiffs' action was filed more than twenty years after David Edison Page repudiated or disavowed any purported family trust, the action was barred by the statute of limitations and the trial court properly granted defendants' motions to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.

## I. Factual and Procedural Background

On 1 December 2006, plaintiffs filed a complaint against defendants alleging that a seventy-three acre tract of real property located in Wake County, North Carolina was part of an alleged family trust and that the proceeds from the sale of a portion of this property had not been distributed among family members. The complaint alleged that David Edison Page acquired this property[1] "primarily for the use and benefit of James Ernest Page and Jessie McLamb Page [David's parents], for use as a family home place and farm." The property was titled solely in David Edison Page's name because he had served in the military and was eligible for a VA loan. The complaint alleged that during the lives of James Ernest Page and Jessie McLamb Page, their fourteen children had all "worked the farm, contributed labor to the building of [a] home place, or contributed money to James Ernest Page [and] Jessie McLamb Page . . . ." David Edison Page was alleged to have held the property as trustee for the "Page family."

In 1985, David Edison Page died and devised the property

to [his] three brothers, Daylene Page, Joseph Page and Allen Page, as joint tenants with right of survivorship. This property represents the homeplace. If the property [was] to be sold after [his] decease[,] it [was] to be sold with the consent of all of the joint owners surviving and no joint owner shall bring a special proceeding for partition.

Lottie Bell Page, David's wife, dissented from his will and in 1988 filed a special proceeding to partition the property. That same year,

---

1. The record before this Court does not disclose when the property was acquired by David Edison Page.

Daylene Page, Allen Page, and Joseph Page conveyed a portion[2] of the property to Lottie Bell Page by quitclaim deed and paid her $75,000.00 to settle the special proceeding. In 2001, the State of North Carolina brought an action to condemn an easement over a portion of the property. This action was settled and a consent judgment entered. The interests recorded in the consent judgment "were calculated as though David Edison Page, Daylene Page, Joseph Page and Allen Page had been fee simple owners of the land . . . ."

Joseph and Allen Page predeceased Daylene Page. Daylene Page died on 1 September 2003. The complaint alleged that on 29 March 2004, Shirley Page, Daylene Page's estranged wife, was "appointed the Administratrix of the Estate[.]" In his will, Daylene Page left all of the "Page land" to his daughter, Ingrid P. Watson. However, Ingrid "allegedly renounced her inheritance, and Shirley Page administered the Estate of Daylene Page as though Daylene Page had died intestate." By deed dated 30 November 2004 and recorded on 9 February 2005, Shirley Page and the other defendants sold "major portions" of the property to Apex Town Square, LLC. The proceeds of the sale were distributed as if in 1985 David Edison Page had devised the property to his surviving three brothers in fee simple, with no trust obligations to members of the Page family. Plaintiffs' complaint alleged that the proceeds from this sale unjustly enriched defendants at the expense of plaintiffs.

Plaintiffs' complaint prayed that the trial court: (1) "declare that the property in question is the Page family trust and that the trust attaches to the Page land[;]" (2) declare and determine the terms of the Page family trust; and (3) declare a resulting trust on the proceeds of the sale of the lands to Apex Town Square, LLC and require defendants to pay into the court all the proceeds from the sale to be distributed to the beneficiaries of the Page family trust according to their respective interests. On 4 September 2007, plaintiffs voluntarily dismissed with prejudice all of their claims against Majorie Davis, Vera Davis, Virlie Mae Davis, Gail Allen Hunter, Laverne Allen Villagonda, Edean Sturdivant, Marc Davis, Ruddie Allen, Diedre Allen, Gail Allen, and Demetrius Allen. On 18 October 2007, the above-named former defendants filed a motion to intervene as named plaintiffs (intervenor-plaintiffs) pursuant to Rule 24 of the North Carolina Rules of Civil Procedure and a motion to join several individuals as party

---

2. The complaints do not specify the acreage of the property conveyed to Lottie Bell Page. However, the complaints recite that the conveyance is recorded in Book 4409, Page 687 and re-recorded in Book 4415, Page 536, of the Wake County Registry.

defendants pursuant to Rule 19(a). By order dated 30 October 2007, intervenor-plaintiffs' motions were granted. Intervenor-plaintiffs filed a complaint, which contained virtually identical allegations and claims as plaintiffs' original complaint.

The remaining defendants filed a motion to dismiss plaintiffs' original complaint and intervenor-plaintiffs' complaint pursuant to Rule 12(b)(6) of the Rules of Civil Procedure. On 28 January 2008, plaintiffs and intervenor-plaintiffs voluntarily dismissed all claims against Charles T. Francis and Everette Noland. By order entered 20 March 2008, the trial court granted defendants' Rule 12(b)(6) motion based upon the statute of limitations. Plaintiffs and intervenor-plaintiffs appeal.

## II.  Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) is the usual and proper method of testing the legal sufficiency of the complaint. *Sutton v. Duke*, 277 N.C. 94, 98, 176 S.E.2d 161, 163 (1970). "On a motion to dismiss . . . the standard of review is whether as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory." *Block v. County of Person*, 141 N.C. App. 273, 277, 540 S.E.2d 415, 419 (2000) (quotation omitted). Dismissal is proper when: "(1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim." *Wood v. Guilford Cty.*, 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002) (citation omitted). We review a trial court's ruling on a Rule 12(b)(6) motion to dismiss *de novo*. *Page v. Lexington Ins. Co.*, 177 N.C. App. 246, 248, 628 S.E.2d 427, 428 (2006).

## III.  Statute of Limitations

In their only argument, plaintiffs contend the trial court erred by granting defendants' motion to dismiss pursuant to Rule 12(b)(6) based upon the expiration of the statute of limitations applicable to trust estates. We disagree.

At the outset, we note that it is not precisely clear what type of trust plaintiffs attempted to assert as to the real property at issue. Plaintiffs' original complaint prayed the trial court declare: (1) a "family trust" attached to the property; (2) the terms of such trust; and (3) a resulting trust on the proceeds of the sale of the portion of the property to Apex Town Square, LLC. Intervenor-plaintiffs more

specifically prayed for the trial court to declare an express parol trust, a resulting trust, or a constructive trust. A determination of which type of trust plaintiffs have asserted would usually be paramount to the inquiry of whether the statute of limitations barred plaintiffs' action since claims involving express trusts are governed by a three-year statute of limitations, and resulting and constructive trusts are governed by a ten-year statute of limitations. *See* N.C. Gen. Stat. §§ 1-52, -56 (2005). Moreover, where there is an express trust, the statute of limitations does not begin to run until a repudiation or disavowal of the trust occurs, while in instances of a resulting or constructive trust, the statute runs from the time the tortious or wrongful act is committed. *Teachey v. Gurley*, 214 N.C. 288, 293, 199 S.E. 83, 87 (1938). However, based upon the facts affirmatively disclosed by the complaints in this matter, plaintiffs' claims are barred regardless of the type of trust involved.

The statute of limitations may be raised as a defense by a Rule 12(b)(6) motion to dismiss if it appears on the face of the complaint that such a statute bars the plaintiff's action. *Hargett v. Holland*, 337 N.C. 651, 653, 447 S.E.2d 784, 786 (citations omitted), *reh'g denied*, 338 N.C. 672, 453 S.E.2d 177 (1994). It is well-established that once a defendant raises the affirmative defense of the statute of limitations, the burden shifts to the plaintiffs to show their action was filed within the prescribed period. *Horton v. Carolina Medicorp, Inc.*, 344 N.C. 133, 136, 472 S.E.2d 778, 780 (1996). Plaintiffs point to the following allegations as being sufficient to survive defendants' motions to dismiss:

4. . . . The said lands were acquired by David Edison Page primarily for the use and benefit of James Ernest Page and Jessie McLamb Page, for use as a family home place and farm.

. . . .

9. The land, in truth and in fact, was held by David Edison Page as trustee for the Page family, and the land . . . of the Page family. The land was titled to David Edison Page because he had served in the military and was eligible for a VA loan to acquire the land. At the time that the first several tracts of land were acquired, he was the only member of the Page family who would have been eligible for VA financing.

10. David Edison Page died in 1985. In his will (Wake County file number 85 E 75) he left the land . . . [sic] to my three

brothers, Daylene Page, Joseph Page and Allen Page, as joint tenants with right of survivorship. This property represents the homeplace. If the property is to be sold after my decease it is to be sold with the consent of all of the joint owners surviving and no joint owner shall bring a special proceeding for partition.

11. David Edison Page left the land to Daylene Page, Joseph Page and Allen Page as successor trustees. David Edison Page had held the land as trustee during his lifetime and could leave no better estate to his brothers than he had. [His] three brothers were deemed most suitable and capable of acting as trustees and of holding and managing the land for the benefit of the Page family trust.

Plaintiffs argue that "the allegation that when David Edison Page died his will left the land to three of his brothers 'as successor trustees' should be sufficient, standing alone, to survive the motion to dismiss." This is not correct.

"When documents are attached to and incorporated into a complaint, they become part of the complaint and may be considered in connection with a Rule 12(b)(6) motion without converting it into a motion for summary judgment." *Schlieper v. Johnson*, 195 N.C. App. 257, 261, 672 S.E.2d 548, 551 (2009) (citing *Weaver v. St. Joseph of the Pines, Inc.*, 187 N.C. App. 198, 204, 652 S.E.2d 701, 707 (2007)). Although it is true that the allegations of plaintiffs complaint are liberally construed and generally treated as true, the trial court can reject allegations that are contradicted by the documents attached, specifically referred to, or incorporated by reference in the complaint. *See id.* at 265, 672 S.E.2d at 553 (holding that on a 12(b)(6) motion to dismiss, "[t]he trial court may reject allegations that are contradicted by documents attached to the complaint." (citing *Oberlin Capital, L.P. v. Slavin*, 147 N.C. App. 52, 60, 554 S.E.2d 840, 847 (2001)). Furthermore, the trial court is "not required . . . to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Strickland v. Hedrick*, 194 N.C. App. 1, 20, 669 S.E.2d 61, 73 (2008) (quotation omitted).

In the instant case, plaintiffs' allegation number 10 specifically references David Edison Page's will and the estate file number in Wake County. In its order, the trial court stated that its ruling was based upon "the complaints, briefs and *public record material of record* as well as the arguments of counsel[.]" (Emphasis supplied).

Although the will was not attached to the complaint, a review of the plain language cited therein directly contradicts plaintiffs' allegation that David Edison Page devised the property to Daylene Page, Joseph Page, and Allen Page as successor trustees: "to my three brothers, Daylene Page, Joseph Page and Allen Page, *as joint tenants with right of survivorship.*"

In *Sandlin v. Weaver*, 240 N.C. 703, 83 S.E.2d 806 (1954), our Supreme Court held that "[w]hen a trustee by devise disposes of trust property in fee simple, free from and in contradiction of the terms of the trust, this is a repudiation or disavowal of the trust." *Id.* at 709, 83 S.E.2d at 810 (citations omitted). Further, when the will of the trustee is probated, the beneficiaries are put on constructive notice of the provisions of the trustee's will. *Id.* (citation omitted). Once a trustee repudiates or disavows a trust by clear or unequivocal acts or words and the beneficiaries are put on notice of such a repudiation or disavowal, the statute of limitations will begin to run at that time.[3] *Teachey*, 214 N.C. at 293, 199 S.E. at 87.

Based upon the holding in *Sandlin*, the trial court correctly concluded that David Edison Page repudiated any purported "Page family trust" in 1985, when he devised the property to his three brothers in fee simple. Because David Edison Page died testate and allegation number 10 shows his estate was administered in file number 85 E 75, his will put the remaining members of the Page family on constructive notice of such a repudiation. Therefore, the statute of limitations for plaintiffs' action began to run at that time. Because plaintiffs' complaint and intervenor-plaintiffs' complaint were filed in 2006 and 2007, more than twenty years after David Edison Page's death, the trial court properly dismissed plaintiffs' and intervenor-plaintiffs' complaints pursuant to Rule 12(b)(6) of the Rules of Civil Procedure based upon the expiration of the statute of limitations.

Plaintiffs' argument is without merit.

AFFIRMED.

Chief Judge MARTIN and Judge CALABRIA concur.

---

3. The same analysis would apply here under the theory of a resulting or constructive trust as the statute of limitations would start to run at the time of "the original wrongful or tortious act of the person holding title," *Teachey*, 214 N.C. at 293, 199 S.E. at 87, or when David Edison Page breached any purported fiduciary duties by devising the property to his three brothers in fee simple, without any trust obligations to the remaining members of the Page family.