BRYANT, Judge.
*349 Where plaintiffs' underlying claims are barred by statutes of limitations, the Declaratory Judgments Act will not allow relief, and therefore, we affirm the trial court order granting defendants' motion to dismiss pursuant to Rule 12(b)(6).
On 28 May 2015, plaintiffs Asheville Lakeview Properties, LLC; Peter Pinholster, Jr.; Jennifer Pinholster; and John K. Mascari filed a complaint in Buncombe County Superior Court against defendants Lake View Park Commission, Inc. (the Commission); Robert H. Fabrey and Anne Robinson, as the 1996 Commissioners of the Commission (collectively, the "1996 Commissioner defendants"); and Mike Nery, Barbara Hart, Gary Ross, Kevin Saum, and Keith Pandres (all of whom are collectively referenced as the "defendants") seeking an order canceling a 1996 deed, a declaratory judgment against the levy of assessments, a declaratory judgment against compelled membership in the Commission for Lake View Park lot owners, and a declaratory judgment directing that monetary assessments be held in a constructive trust in favor of the lot owners.
Allegations of Complaint
The complaint describes Lake View Park as a residential subdivision surrounding a lake (Beaver Lake) in Asheville. The lots which plaintiffs now own were described in a deed filed with the Register of Deeds *350 in the Buncombe County Registry in 1938. That deed contains express covenants obligating each property owner to pay the Park Commission[1] an assessment for preservation, improvement, and repair of the public areas-sidewalks, parkways, public streets, and driveways-and establishing that the lot owners would annually elect three commissioners *635 to administer the public property and a treasurer to disburse funds as directed. In 1942, a deed was filed conveying Beaver Lake and certain adjacent real property (the "trust property") to the Park Commission and directed that those elected members of the Park Commission and their successors hold the deeded property "in trust to be used for park purposes for the benefit of the owners of lots in the Lake View Park Subdivision." Then, in 1983, articles of incorporation were filed with the North Carolina Secretary of State for the Commission.
[T]he Commission is formed ... to enhance and to preserve the beauty and quality of the Lake View Park Subdivision.... All areas located in the geographical section of Buncombe County known as Lake View Park ... shall be deemed the geographical area within which the Commission shall exercise its authority.
Pursuant to the articles of incorporation, the Commission was empowered to "perform all of the duties as set forth in the Lake View Park deeds" as well as "[f]ix, levy and collect property assessments." The articles further provided that " '[a]ll property owners of Lake View Park shall be members' of the [Commission]." In 1996, a deed was filed with the Buncombe County Register by the 1996 Commissioner defendants and three others [E.H. Lederer, John F. Barber, M.D., and John M. Johnston].[2] "The express purpose of the 1996 Deed was 'to transfer all real estate of the previously unincorporated Lake View Park Commission' to [the newly incorporated Commission], which 'real estate' encompasses all of the Trust Property."[3]
Posted on the Commission's website, on 20 October 2014, was a plan to assert possession of the trust property that lies adjacent to plaintiffs' properties to construct a "south trail" to run between plaintiffs' property lots and the lake. In their action for declaratory judgment, plaintiffs alleged the Commission has no authority to levy assessments *351 against property owners or to build and maintain a trail on the trust property, because the Commission does not hold lawful title to the property. Plaintiffs sought equitable relief in the form of invalidating the 1996 deed.
Plaintiffs allege that neither the 1938 deed nor 1942 deed authorized the Commissioners to convey title of the deeded trust property of Lake View Park, assign the right to collect assessments from Lake View Park lot owners, or to increase the assessments to more than "ten cents per front foot of lot [ (as set out in the 1938 deed) ]."
On 5 June 2015, the Commission moved to dismiss the complaint pursuant to Rule 12(b)(6) asserting statute of limitations defenses. The Commission asserted its possession of Lake View Park has been "actual, open, hostile, exclusive, and continuous" since at least 1996, if not 1983. In its 12(b)(6) motion to dismiss, the Commission also noted "[p]laintiffs admit that [the Commission] was formed on December 15, 1983, and recite portions of [the Commission's] Articles of Incorporation showing that [the Commission] has 'exercised its authority' over Lake View Park since 1983."
Following a hearing in Buncombe County Superior Court before the Honorable Marvin P. Pope, Jr., Judge presiding, Judge Pope entered an order on 1 July 2015 granting defendants' motion to dismiss "as to every claim for relief set forth in the complaint." Plaintiffs filed a motion for relief pursuant to Rule 60(b)(6), or alternatively, a motion for reconsideration. The motion was denied by order entered 17 July 2015.
Plaintiffs appeal from the orders entered 1 and 17 July 2015, dismissing plaintiffs' claim and denying plaintiffs' Rule 60(b) motion and alternative motion for reconsideration.
_________________________
On appeal, plaintiffs' primary argument is that the trial court erred by granting defendants' 12(b)(6) motion to dismiss. We disagree. Plaintiffs challenge the ruling that their complaint was barred by the statute of limitations and further assert the trial court erred by denying plaintiffs' motion for 60(b) relief or alternative motion for reconsideration.
*636 Analysis
Plaintiffs argue that the trial court erred by granting defendants' Rule 12(b)(6) motion to dismiss the complaint.
The motion to dismiss under N.C. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. In ruling on the motion, the allegations of the complaint must be viewed as *352 admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted.
Kohn v. Moore Reg'l Hosp. , 229 N.C. App. 19, 21, 747 S.E.2d 395, 397 (2013) (quoting Stanback v. Stanback , 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) ).
It is well-settled that a plaintiff's claim is properly dismissed under Rule 12(b)(6) when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the claim; (2) the complaint on its face reveals the absence of facts sufficient to make a valid claim; or (3) the complaint discloses some fact that necessarily defeats the claim.
Grich v. Mantelco, LLC , 228 N.C. App. 587, 589, 746 S.E.2d 316, 318 (2013) (citation omitted). This Court reviews a trial court's ruling on a motion for Rule 12(b)(6) de novo. Id. "Where a trial court has reached the correct result, the judgment will not be disturbed on appeal even where a different reason is assigned to the decision." Eways v. Governor's Island , 326 N.C. 552, 554, 391 S.E.2d 182, 183 (1990).
The statute of limitations may be raised as a defense by a Rule 12(b)(6) motion to dismiss if it appears on the face of the complaint that such a statute bars the plaintiff's action. It is well-established that once a defendant raises the affirmative defense of the statute of limitations, the burden shifts to the plaintiffs to show their action was filed within the prescribed period.
Laster v. Francis , 199 N.C. App. 572, 576, 681 S.E.2d 858, 861 (2009) (citations omitted).
Plaintiffs brought forth five substantive claims, four of which seek equitable relief pursuant to declaratory judgment.
Declaratory Judgment
"The purpose of the Declaratory Judgments Act is, to settle and afford relief from uncertainty and insecurity, with respect to rights, status, and other legal relations.... It is to be liberally construed and administered." York v. Newman , 2 N.C. App. 484, 489, 163 S.E.2d 282, 286 (1968) (citations omitted). Article 26 ("Declaratory Judgments"), codified within Chapter 1, Subchapter VIII, of our General Statutes, authorizes
*353 [a]ny person interested as or through an ... administrator, trustee ... or cestui que trust, in the administration of a trust ... may have a declaration of rights or legal relations in respect thereto:
....
(2) To direct the ... administrators, or trustees to do or abstain from doing any particular act in their fiduciary capacity....
N.C. Gen. Stat. § 1-255 (2015). "[A] declaratory judgment should issue (1) when [it] will serve a useful purpose in clarifying and settling the legal relations at issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceeding." Goldston v. State , 361 N.C. 26, 33, 637 S.E.2d 876, 881 (2006) (quoting Augur v. Augur , 356 N.C. 582, 588, 573 S.E.2d 125, 130 (2002) (citing N.C.G.S. § 1-257 (2005) )). However, "if the statute of limitations was properly applied to plaintiff's underlying claims, no relief can be afforded under the Declaratory Judgment[s] Act." Ludlum v. State , 227 N.C. App. 92, 94, 742 S.E.2d 580, 582 (2013).
Plaintiffs' first claim challenges the authority of the grantors of the 1996 deed to convey the Beaver Lake Trust to the Commission. The second claim challenges the authority of the Commission to levy assessments on the Lake View Park lot owners and the 1996 deed's assignment of the right to assess a levy to the Commission. Plaintiffs' third claim challenges the Commission's assertion (per its Articles of Incorporation) that all Lake View Park owners are members of the Commission and, thus, are subject to its Articles of Incorporation. The fourth claim seeks to impose a constructive trust upon the assessments *637 levied upon the Lake View Park lot owners and retained by the Commission.[4]
Plaintiffs' first claim challenging the 1996 conveyance of the trust property to the Commission must fail. Taking plaintiffs' claims as true and assuming there is any defect in the title to the trust property, property that the Commission has maintained pursuant to the deed since at least 1996, plaintiffs' claims are barred by the statute of limitations. See *354 N.C. Gen. Stat. § 1-38 (imposing a seven-year statute of limitations barring claims for possession of real property against a possessor holding title); see also Perry v. Bassenger , 219 N.C. 838, 15 S.E.2d 365 (1941).
Plaintiffs' second and third claims are each rooted in a challenge to the authority of the Commission to act as the administrative commission for Lake View Park, a function the Commission has performed and Lake View Park lot owners have apparently relied upon since at least 1996.
Per the complaint, the Commission filed articles of incorporation with the Secretary of State in 1983 providing that the Commission was empowered to "[e]xercise all of the powers and privileges and to perform all of the duties as set forth in the Lake View Park deeds with Covenants and Restrictions ... [as well as] '[f]ix, levy and collect property assessment in accordance of the provisions of the Covenants.' " While plaintiffs assert the Commission acted without authority by increasing the amount of the assessment imposed "per front foot" of each lot from the $0.15 rate established in 1938 to the current rate of $1.20 in 2011, plaintiffs' complaint contains facts showing that plaintiffs authorized the very actions about which they complain. Assuming plaintiffs had asserted an actionable claim, they would nevertheless be barred by a three year or six year statute of limitations.
Plaintiffs' fourth claim seeking a constructive trust also implies the existence of an express trust. The complaint sets out that the public property (trust property) of Lake View Park was to be administered by Lake View Park Commissioners, elected by the lot owners of Lake View Park, in trust for the benefit of Lake View Park lot owners.
A determination of which type of trust plaintiffs have asserted would usually be paramount to the inquiry of whether the statute of limitations barred plaintiffs' action since claims involving express trusts are governed by a three-year statute of limitations, and resulting and constructive trusts are governed by a ten-year statute of limitations. See N.C. Gen. Stat. §§ 1-52, -56 (2005). Moreover, where there is an express trust, the statute of limitations does not begin to run until a repudiation or disavowal of the trust occurs, while in instances of a resulting or constructive trust, the statute runs from the time the tortious or wrongful act is committed.
Laster , 199 N.C. App. at 576, 681 S.E.2d at 861 (citations omitted). "[O]ur Supreme Court held that '[w]hen a trustee by devise disposes of trust property in fee simple, free from and in contradiction of the terms of *355 the trust, this is a repudiation or disavowal of the trust.' " Id. at 578, 681 S.E.2d at 862 (quoting Sandlin v. Weaver , 240 N.C. 703, 709, 83 S.E.2d 806, 810 (1954) ). But regardless of the type of trust, plaintiffs' claims in the instant case would be barred.
Taking the allegations of the complaint as true, the Commission repudiated the terms of the Lake View Park trust by transferring the trust corpus to the Commission in 1996. If plaintiffs contend this is a violation of the terms of the trust, the purported transfer of the unencumbered trust corpus would be a repudiation or disavowal of the trust. Id. Such an act would commence the running of the applicable statute of limitations beginning in 1996. As the statute of limitations to bring a claim for violation of an express trust is three years, plaintiffs' claim is barred.
*638 Id. at 576, 681 S.E.2d at 861. Plaintiffs also contend the Commission's conduct entitled them to imposition of a constructive trust (by collecting assessments and periodically increasing the assessment rate). The statute of limitations applicable to constructive trusts is ten years, and "the statute runs from the time the tortious or wrongful act is committed." Id. at 576, 681 S.E.2d at 861. Here, plaintiffs filed their complaint on 28 May 2015, almost twenty years after the 1996 deed was filed, the wrongful act of which they complain, and nearly thirty years from the initial assessment rate increase that occurred in 1985. Therefore, the trial court properly dismissed plaintiffs' claims seeking declaratory relief, including a constructive trust.
As for plaintiffs' final claim seeking relief on the grounds of negligent misrepresentation and violation of the Unfair and Deceptive Trade Practices Act, plaintiffs again challenge the authority of the Commission to impose monetary assessments per lot, expend the collected assessments on trust property, develop the southern trail between plaintiffs' respective lots and Beaver Lake, and generally exercise dominion and control over the trust property-administrative duties in which the Commission has been engaged since at least 1996.
"The statute of limitations applicable to negligent misrepresentation claims is three years. See N.C. Gen. Stat. § 1-52(5) [.]" Guyton v. FM Lending Servs., Inc. , 199 N.C. App. 30, 35, 681 S.E.2d 465, 470 (2009) (citation omitted). A four-year statute of limitations is applied to claims for unfair and deceptive trade practices. See Page v. Lexington Ins. Co. , 177 N.C. App. 246, 251, 628 S.E.2d 427, 430 (2006) (reasoning "the UDTP claim [was] ... governed by the four-year statute of limitations"). Therefore, given the time frames at issue here, the trial court properly dismissed plaintiffs' claims for negligent misrepresentation and unfair and deceptive trade practices. Accordingly, we affirm the trial court's *356 order granting defendants Rule 12(b)(6) motion to dismiss all claims in plaintiffs' complaint.[5]
Having affirmed the trial court order dismissing plaintiffs' complaint, and for the reasons stated herein as to why we affirmed the trial court order, we likewise affirm the trial court order denying plaintiffs' Rule 60(b) motion or alternative motion for reconsideration.
AFFIRMED.
Judge INMAN concurs.
Judge TYSON dissents by separate opinion.

The "Park Commission" is the predecessor to "the Commission"-Lake View Park Commission, Inc.-which was formed in 1983.

Lederer, Barber, and Johnston are now deceased (and not parties to this action).

The trust property consists of Beaver Lake and adjacent property.

Plaintiffs' five claims specifically sought (1) equitable cancellation of 1996 Deed of Trust property (action at law for declaratory judgment as to ownership of trust property); (2) declaratory judgment as to assessments; (3) declaratory judgment as to Company membership; (4) declaratory judgment as to establishment of a constructive trust in favor of plaintiffs and lot owners in Lake View Park as to assessments; and (5) negligent misrepresentation by company (a violation of the Unfair and Deceptive Trade Practices Act).

The dissent takes the position that the trial court's ruling should have been converted to one for summary judgment, and cites to notes taken by the trial court at the Rule 12(b)(6) hearing as proof the trial court considered matters outside the pleadings. However, where the order dismissing all claims was based on the fact that all claims were barred by statutes of limitations, the complaint on its face discloses facts that defeat all claims. Thus, the position taken by the dissent is to no avail. On this record, notwithstanding "notes" made by the trial court, the clear basis for the trial court's ruling was the failure of the complaint to "state" a claim where all claims were barred by statutes of limitations. See Page , 177 N.C. App. at 248, 628 S.E.2d at 428 ("On appeal of a 12(b)(6) motion to dismiss for failure to state a claim, our Court conduct[s] a de novo review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." (alteration in original) (citation omitted)).