KENNETH GRICH, Plaintiff
v.
MANTELCO, LLC, AND UNIVERSAL INSURANCE COMPANY, Defendants

No. COA13-169

Filed 6 August 2013

**Contracts—breach of contract—released from liability—failure to state a claim**

The trial court did not err in a breach of contract and unfair and deceptive trade practices case by granting defendants' motion to dismiss for plaintiff's failure to state a claim upon which relief could be granted pursuant to Rule 12(b)(6). Plaintiff released defendants from all liability by signing the release and acknowledging receipt of payment.

Appeal by Kenneth Grich from order entered 31 October 2012 by Judge Timothy S. Kincaid in Mecklenburg County Superior Court. Heard in the Court of Appeals 4 June 2013.

*The Duggan Law Firm, by Christopher M. Duggan, for plaintiff.*

*Burton, Sue & Anderson, LLP, by Gary K. Sue and Stephanie W. Anderson, for defendants.*

ELMORE, Judge.

Kenneth Grich (plaintiff) brought a complaint and petition for declaratory judgment against defendant Mantelco, LLC and defendant Universal Insurance Company (collectively defendants), alleging that Universal Insurance breached an enforceable contract for release of liability and engaged in unfair or deceptive trade practices. The trial court granted defendants' motion to dismiss for plaintiff's failure to state a claim upon which relief could be granted pursuant to Rule 12(b)(6) on 14 August 2012. The trial court denied plaintiff's motion for reconsideration on 13 December 2012. Plaintiff now appeals. After careful consideration, we affirm.

## I. Background

In August 2011, Mantelco was hired to install a satellite dish at plaintiff's home. During installation, Mantelco employees broke a water line

causing significant property damage to the home, forcing plaintiff and his tenant to move out while repairs were completed. Plaintiff submitted the claims for damages to Universal Insurance, Mantelco's liability provider, for property damage, loss of rent, and for additional costs associated with being unable to reside in the residence from August to December 2011. Universal's insurance adjustor assessed the total damages at $27,707.00, while plaintiff's contractor assessed the damages at $29,689.00. The parties disputed the discrepancy in the building damage repair estimates. Before settling this dispute, however, Universal made three payments totaling $7,000.00 to plaintiff: 1) $2,500.00 for "advance payment for relocation out-of-pocket expenses" on 15 August 2011, 2) $3,000.00 for "advance payment for September rent installment and loss of rent for August and September on 7 September 2011, and 3) $1,500.00 for "payment for October rental/displacement fees" on 9 October 2011. Despite these payments, plaintiff continued to dispute Universal's assessment of building damage repair. After further negotiation between the parties, plaintiff retained counsel.

On 30 November 2011, plaintiff sent a demand letter to Universal, offering to resolve the matter for $38,020.00. In a letter dated 5 December 2011, Universal agreed to settle the issue for said amount provided plaintiff release it and Mantelco from any future claims. The proposal included the "Property Damage Release" (the Release), which stated, in relevant part:

> That the Undersigned, being of lawful age, for the sole consideration of THIRTY EIGHT-THOUSAND TWENTY DOLLARS AND 00/100 Dollars ($38,020.00) to the undersigned in hand paid, receipt whereof is hereby acknowledged, do/does hereby . . . release, acquit and forever discharge MANTELCO, LLC AND UNIVERSAL INSURANCE COMPANY . . . of and from any and all claims of action, demands, rights, damages, costs, loss of service, expenses and compensation whatsoever, which the undersigned now has/have or which may hereafter accrue . . . . The undersigned further declare(s) and represent(s) that no promise, inducement or agreement not herein expressed has been made to the undersigned, and that this Release contains the entire agreement between the parties hereto, and that the terms of this Release are contractual and not a mere recital.

On 8 December 2011, before receiving a settlement check, plaintiff executed the Release and returned it to Universal. Accordingly,

Universal issued a check to plaintiff for $31,020.00, the total amount less the $7,000.00 already paid to plaintiff. Universal alleged that this payment constituted full satisfaction pursuant to the Release. Plaintiff disagreed. Accordingly, plaintiff brought suit for breach of contract and for unfair and deceptive trade practices on the basis that he was entitled to $38,020.00, in addition to the $7,000.00 already received. Plaintiff prayed for specific performance of the Release, payment for attorney's fees and expenses, treble damages, and any other relief deemed proper by the trial court. Defendants filed a timely motion to dismiss pursuant to Rule 12(b)(6), which was granted on 8 October 2012. Plaintiff filed a motion for reconsideration, which was denied by the trial court on 13 December 2012. Plaintiff now appeals to this Court.

## II. Analysis

Plaintiff contends that the trial court erred in granting defendants' 12(b)(6) motion to dismiss. We disagree.

"This Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *aff'd per curiam*, 357 N.C. 567, 597 S.E.2d 673 (2003). "The motion to dismiss under N.C. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. In ruling on the motion the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." *Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) (citations omitted).

> It is well-settled that a plaintiff's claim is properly dismissed under Rule 12(b)(6) when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the claim; (2) the complaint on its face reveals the absence of facts sufficient to make a valid claim; or (3) the complaint discloses some fact that necessarily defeats the claim.

*Woolard v. Davenport*, 166 N.C. App. 129, 133, 601 S.E.2d 319, 322 (2004) (citation omitted).

"Since releases are contractual in nature, we apply the principles governing interpretation of contracts when construing a release." *Weaver v. Saint Joseph of the Pines, Inc.*, 187 N.C. App. 198, 207, 652 S.E.2d 701, 709 (2007) (citation omitted). "To state a claim for breach of contract,

the complaint must allege that a valid contract existed between the parties, that defendant breached the terms thereof, the facts constituting the breach, and that damages resulted from such breach." *Claggett v. Wake Forest Univ.*, 126 N.C. App. 602, 608, 486 S.E.2d 443, 446 (1997) (citations omitted). "When the language of the contract is clear and unambiguous, construction of the agreement is a matter of law for the court, and the court cannot look beyond the terms of the contract to determine the intentions of the parties." *Asheville Mall, Inc. v. F.W. Woolworth Co.*, 76 N.C. App. 130, 132, 331 S.E.2d 772, 773-74 (1985).

In the instant case, plaintiff's appeal is premised on an alleged unilateral mistake: he was unaware of defendants' "intention to offset the total pending claims" by the $7,000.00 already received. We note that "[a] unilateral mistake by a party to a contract, unaccompanied by fraud, imposition, undue influence or like circumstances of oppression is insufficient to avoid a contract." *Lowry v. Lowry*, 99 N.C. App. 246, 252, 393 S.E.2d 141, 144 (1990). Here, plaintiff included a copy of the Release along with the complaint, thus making the Release subject to defendants' motion to dismiss. *Eastway Wrecker Serv., Inc. v. City of Charlotte*, 165 N.C. App. 639, 642, 599 S.E.2d 410, 412 (2004). It is undisputed that the Release served as a valid contract. Furthermore, the language contained therein is clear and unambiguous, and there is no evidence of misrepresentation or bad faith by defendants.

Plaintiff released defendants from all liability for the "sole consideration" of $38,020.00 "in hand paid, receipt whereof is hereby acknowledged." It is plaintiff's mistake that he signed a contract which clearly states *"in hand paid"* prior to receiving the funds. By signing the Release and acknowledging receipt of payment, plaintiff executed the agreement and thereby released defendants for all claims plaintiff "has/have or which may hereafter accrue[.]" The Release also states that it "contains the entire agreement between the parties[.]" Thus, the plain language of the Release abdicating defendants' liability includes the claim before us. As such, the trial court did not err in granting defendants' motion to dismiss because the complaint on its face reveals the absence of facts sufficient to make a valid claim.

Because we conclude that the trial court did not err in dismissing plaintiff's action, we decline to address plaintiff's second issue that defendants violated the Unfair Trade Practices Act; there is no evidence in the record to support a claim that defendants' engaged in an unfair or deceptive act.

**IN RE FORECLOSURE OF MANNING**

[228 N.C. App. 591 (2013)]

## II. Conclusion

In sum, the trial court did not err in granting defendants' 12(b)(6) motion to dismiss for plaintiff's failure to state a claim upon which relief could be granted. After careful consideration, we affirm.

Affirmed.

Chief Judge MARTIN and HUNTER, JR., Robert N., concur.