HARVEY D. KOHN, M.D., EVE AVERY, AND JILL KRIEGER, PLAINTIFFS
v.
FIRSTHEALTH OF THE CAROLINAS, INC.,
D/B/A MOORE REGIONAL HOSPITAL, DEFENDANT

No. COA13-168

Filed 20 August 2013

**1. Hospitals and Other Medical Facilities—not a public utility—no violation of public utility doctrine**

The trial court properly granted defendant hospital's motion to dismiss plaintiffs' claim for violation of the public utility doctrine for failure to state a claim upon which relief may be granted. Because defendant could not be considered a public utility under current law, it necessarily could not violate any requirements imposed on public utilities.

**2. Appeal and Error—standing—issue not addressed**

The Court of Appeals declined to address plaintiffs' argument that the trial court erred by dismissing the claims of plaintiffs Avery and Krieger on the grounds that they lacked standing where the Court's disposition of the previous issue on appeal left no claim for plaintiffs to pursue.

Appeal by plaintiffs from order entered 27 July 2012 by Judge Anderson D. Cromer in Moore County Superior Court. Heard in the Court of Appeals 6 June 2013.

> *Smith, James, Rowlett & Cohen, LLP, by Norman B. Smith, for plaintiff-appellants.*

> *Smith, Moore, Leatherwood, LLP, by William R. Forstner, Samuel O. Southern, and Matthew Nis Leerberg, for defendant-appellee.*

CALABRIA, Judge.

Harvey D. Kohn, M.D. ("Dr. Kohn"), Eve Avery ("Avery"), and Jill Krieger ("Krieger")(collectively "plaintiffs") appeal the trial court's order dismissing, *inter alia,* their claim that Firsthealth of the Carolinas, Inc., d/b/a Moore Regional Hospital ("defendant") violated the public utility doctrine by denying Dr. Kohn staff privileges. We affirm.

## I. Background

According to the allegations in plaintiffs' complaint, Dr. Kohn is a medical doctor specializing in obstetrics and gynecology ("OB/GYN"). Dr. Kohn earned his medical doctorate degree in Canada at the University of Toronto Faculty of Medicine and completed his internship and residency in OB/GYN at McMaster University in Hamilton, Ontario.

Defendant is the only secondary care hospital with full surgical specialty facilities in Moore County, North Carolina. Plaintiffs allege that many of Dr. Kohn's patients reside in Moore County and other nearby communities, and that defendant's hospital serves these patients.

Avery and Krieger, established patients of Dr. Kohn, have previously received services at defendant's hospital. Plaintiffs allege that in the event either Avery or Krieger were to need OB/GYN surgery or other OB/GYN procedures that must be performed in a hospital, they prefer to be treated by Dr. Kohn and hospitalized at defendant's hospital.

In 1999, Dr. Kohn applied for staff hospital privileges, but defendant did not accept his pre-application because he lacked certification by the American Board of Obstetrics and Gynecology ("ABOG"). Dr. Kohn later received certification as an obstetrician and gynecologist by the ABOG in 2006.

In November 2010, Dr. Kohn resubmitted his hospital staff privileges application to defendant. His application was again denied. This

**KOHN v. FIRSTHEALTH MOORE REG'L HOSP.**

[229 N.C. App. 19 (2013)]

time, the denial resulted from a provision in defendant's bylaws requiring "[s]uccessful completion of a residency program in the planned practice specialty, approved by the Accreditation Council for Graduate Medical Education . . . ."

Dr. Kohn responded by providing documentation to defendant that his residency program had been "recognized" by the Accreditation Council. Defendant maintained that mere recognition by the Council was insufficient to meet its requirements for hospital staff privileges.

On 19 January 2012, plaintiffs filed a complaint against defendant in Moore County Superior Court, alleging multiple causes of action, including a claim for "violation of the public utility doctrine." Defendant filed an answer and a motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) on 19 March 2012. On 27 July 2012, the trial court granted defendant's motion to dismiss, *inter alia,* Dr. Kohn's claim for violation of the public utility doctrine for failure to state a claim upon which relief could be granted and all claims by Avery and Krieger due to lack of standing. After the trial court's 27 July 2012 order, Dr. Kohn voluntarily dismissed his remaining claims without prejudice. Plaintiffs appeal.

## II. Public Utility Doctrine

Plaintiffs argue that the trial court erred by granting defendant's motion to dismiss plaintiffs' claim for violation of the public utility doctrine on grounds that it failed to state a claim upon which relief could be granted. We disagree.

"The motion to dismiss under N.C. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. In ruling on the motion, the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." *Stanback v. Stanback,* 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) (citations omitted). "This Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods., Inc.,* 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *aff'd per curiam,* 357 N.C. 567, 597 S.E.2d 673 (2003).

In the instant case, plaintiffs' allegations in support of their claim include:

> 30. Defendant controls the provision of hospital services to the residents of Moore County, North Carolina, and beyond.

31. There are no other feasible alternatives by which residents of Moore County can obtain hospital treatment, including a number of obstetrical and gynecological surgeries and procedures.

32. Because of defendant's conduct described herein, it has unreasonably and unlawfully denied the public utility it controls to plaintiff Harvey D. Kohn, and to the plaintiffs Eve Avery and Jill Krieger and other patients of plaintiff Harvey D. Kohn.

Thus, plaintiffs assert that (1) defendant is a public utility and (2) based on its status as a public utility, defendant violated the public utility doctrine when it denied staff privileges to Dr. Kohn. Our Supreme Court has recognized that

[a] public utility, whether publicly or privately owned, is under a legal obligation to serve the members of the public to whom its use extends, impartially and without unjust discrimination * * * A public utility must serve alike all who are similarly circumstanced with reference to its system, and favor cannot be extended to one which is not offered to another, nor can a privilege given one be refused to another.

*Utilities Commission v. Water Co.*, 248 N.C. 27, 30, 102 S.E.2d 377, 379 (1958)(internal quotations and citations omitted). However, although plaintiffs discuss the service responsibilities of a public utility, nothing in either our General Statutes or the decisions of our Courts support classifying defendant as a public utility subject to this doctrine.

Pursuant to N.C. Gen. Stat. § 62-3(23), a public utility is defined as "a person . . . owning or operating in this State equipment or facilities for . . . electricity, piped gas, steam, or any other like agency . . . water . . . transport[ation] of persons or household goods . . . transport[ation] of gas, crude oil or other fluid substance . . . or communications . . . ." N.C. Gen. Stat. § 62-3(23) (2011). As a hospital, defendant clearly does not meet the requirements of this statutory definition.

Nevertheless, plaintiffs contend that an entity can still be considered a public utility even if it does not meet the requirements of N.C. Gen. Stat. § 62-3(23). Plaintiffs rely on *State ex rel. Utilities Commission v. Edmisten* to support their argument regarding whether a specific enterprise generally qualifies as a public utility. The *Edmisten* Court stated that "[o]ne test to determine whether a plant or system is a public

utility is whether the public may enjoy it by right or by permission only." 40 N.C. App. 109, 116, 252 S.E.2d 516, 520 (1979), *aff'd in part and rev'd in part on other grounds*, 299 N.C. 432, 263 S.E.2d 583 (1980). Plaintiffs contend that, pursuant to this test, the determination of whether an entity qualifies as a public utility depends upon whether "the enterprise holds itself out as engaged in supplying its services to the general public, as distinguished from serving only particular individuals." Plaintiffs assert that, under their definition, "a publicly owned secondary care hospital serving a significant geographical area, by necessity is a public utility." Plaintiffs are mistaken because *Edmisten* does not support plaintiffs' theory.

In *Edmisten*, the Court determined whether a corporation that owned and operated two electric generating facilities qualified as a public utility under N.C. Gen. Stat. § 62-3 (23). *Id.* at 113-16, 252 S.E.2d at 519-21. The Court specifically used the definition cited by plaintiffs to decide whether the corporation met the requirements of the public utilities statutes. *Id.* Contrary to plaintiffs' argument, nothing in *Edmisten* suggests that the Court judicially expanded the definition of a public utility beyond N.C. Gen. Stat. § 62-3 (23) to include any entity which supplies its services to the general public. Ultimately, neither the *Edmisten* Court nor any other North Carolina Court has ever described any entity as a "public utility" other than the entities that are included in the definition in N.C. Gen. Stat. § 62-3(23).

In the absence of any North Carolina statute or caselaw suggesting that a hospital should be considered a public utility, we decline to judicially impose such a designation on defendant. Any expansion of the term "public utility" to include entities such as defendant is the prerogative of the General Assembly, not of this Court. Since defendant cannot be considered a public utility under current law, it necessarily could not violate any requirements imposed on public utilities. Accordingly, the trial court properly granted defendant's motion to dismiss plaintiffs' claim for violation of the public utility doctrine for failure to state a claim upon which relief may be granted. This argument is overruled.

### III. Standing

[2] Plaintiffs also argue that the trial court erred by dismissing the claims of Avery and Krieger on the grounds that they lacked standing. However, after our disposition of plaintiffs' claim for violation of the public utility doctrine, all of the claims in plaintiffs' complaint have been dismissed. Consequently, a determination of Avery and Krieger's standing is unnecessary. Assuming, *arguendo*, that Avery and Krieger had standing to bring

their original complaint, there are no longer any remaining claims for them to pursue. As a result, we decline to address this argument.

## IV. Conclusion

Plaintiffs have provided no authority that would allow this Court to judicially designate defendant as a public utility. Therefore, defendant did not violate the public utility doctrine by denying Dr. Kohn staff privileges. The trial court properly granted defendant's motion to dismiss plaintiffs' claim for violation of the public utility doctrine pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The trial court's order is affirmed.

Affirmed.

Judges ERVIN and DAVIS concur.