IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-1308

Filed: 18 July 2017

Buncombe County, No. 15 CVS 2009

ASHEVILLE LAKEVIEW PROPERTIES, LLC PETER PINHOLSTER, JR., et al.,
Plaintiffs,

v.

LAKE VIEW PARK COMMISSION, INC., ROBERT H. FARBREY, et al.,
Defendants.

Appeal by plaintiffs from orders entered 1 and 17 July 2015 by Judge Marvin
P. Pope, Jr., in Buncombe County Superior Court. Heard in the Court of Appeals 9
August 2016.

> *Ward and Smith, P.A., by Grant B. Osborne and Alexander C. Dale, for
> plaintiff-appellants.*
>
> *Deutsch & Gottschalk, P.A., by Tikkun A.S. Gottschalk and Robert J. Deutsch,
> for defendant-appellees.*

BRYANT, Judge.

Where plaintiffs' underlying claims are barred by statutes of limitations, the
Declaratory Judgments Act will not allow relief, and therefore, we affirm the trial
court order granting defendants' motion to dismiss pursuant to Rule 12(b)(6).

On 28 May 2015, plaintiffs Asheville Lakeview Properties, LLC; Peter
Pinholster, Jr.; Jennifer Pinholster; and John K. Mascari filed a complaint in
Buncombe County Superior Court against defendants Lake View Park Commission,

ASHEVILLE LAKEVIEW PROPS., LLC V. LAKE VIEW PARK COMM'N, INC.

*Opinion of the Court*

Inc. (the Commission); Robert H. Fabrey and Anne Robinson, as the 1996 Commissioners of the Commission (collectively, the "1996 Commissioner defendants"); and Mike Nery, Barbara Hart, Gary Ross, Kevin Saum, and Keith Pandres (all of whom are collectively referenced as the "defendants") seeking an order canceling a 1996 deed, a declaratory judgment against the levy of assessments, a declaratory judgment against compelled membership in the Commission for Lake View Park lot owners, and a declaratory judgment directing that monetary assessments be held in a constructive trust in favor of the lot owners.

*Allegations of Complaint*

The complaint describes Lake View Park as a residential subdivision surrounding a lake (Beaver Lake) in Asheville. The lots which plaintiffs now own were described in a deed filed with the Register of Deeds in the Buncombe County Registry in 1938. That deed contains express covenants obligating each property owner to pay the Park Commission[1] an assessment for preservation, improvement, and repair of the public areas—sidewalks, parkways, public streets, and driveways—and establishing that the lot owners would annually elect three commissioners to administer the public property and a treasurer to disburse funds as directed. In 1942, a deed was filed conveying Beaver Lake and certain adjacent real property (the "trust property") to the Park Commission and directed that those elected members of the

---

[1] The "Park Commission" is the predecessor to "the Commission"—Lake View Park Commission, Inc.—which was formed in 1983.

ASHEVILLE LAKEVIEW PROPS., LLC V. LAKE VIEW PARK COMM'N, INC.

*Opinion of the Court*

Park Commission and their successors hold the deeded property "in trust to be used for park purposes for the benefit of the owners of lots in the Lake View Park Subdivision." Then, in 1983, articles of incorporation were filed with the North Carolina Secretary of State for the Commission.

> [T]he Commission is formed . . . to enhance and to preserve the beauty and quality of the Lake View Park Subdivision . . . . All areas located in the geographical section of Buncombe County known as Lake View Park . . . shall be deemed the geographical area within which the Commission shall exercise its authority.

Pursuant to the articles of incorporation, the Commission was empowered to "perform all of the duties as set forth in the Lake View Park deeds" as well as "[f]ix, levy and collect property assessments." The articles further provided that " '[a]ll property owners of Lake View Park shall be members' of the [Commission]." In 1996, a deed was filed with the Buncombe County Register by the 1996 Commissioner defendants and three others [E.H. Lederer, John F. Barber, M.D., and John M. Johnston].[2] "The express purpose of the 1996 Deed was 'to transfer all real estate of the previously unincorporated Lake View Park Commission' to [the newly incorporated Commission], which 'real estate' encompasses all of the Trust Property."[3]

---

[2] Lederer, Barber, and Johnston are now deceased (and not parties to this action).

[3] The trust property consists of Beaver Lake and adjacent property.

ASHEVILLE LAKEVIEW PROPS., LLC V. LAKE VIEW PARK COMM'N, INC.

*Opinion of the Court*

Posted on the Commission's website, on 20 October 2014, was a plan to assert possession of the trust property that lies adjacent to plaintiffs' properties to construct a "south trail" to run between plaintiffs' property lots and the lake. In their action for declaratory judgment, plaintiffs alleged the Commission has no authority to levy assessments against property owners or to build and maintain a trail on the trust property, because the Commission does not hold lawful title to the property. Plaintiffs sought equitable relief in the form of invalidating the 1996 deed.

Plaintiffs allege that neither the 1938 deed nor 1942 deed authorized the Commissioners to convey title of the deeded trust property of Lake View Park, assign the right to collect assessments from Lake View Park lot owners, or to increase the assessments to more than "ten cents per front foot of lot [(as set out in the 1938 deed)]."

On 5 June 2015, the Commission moved to dismiss the complaint pursuant to Rule 12(b)(6) asserting statute of limitations defenses. The Commission asserted its possession of Lake View Park has been "actual, open, hostile, exclusive, and continuous" since at least 1996, if not 1983. In its 12(b)(6) motion to dismiss, the Commission also noted "[p]laintiffs admit that [the Commission] was formed on December 15, 1983, and recite portions of [the Commission's] Articles of Incorporation showing that [the Commission] has 'exercised its authority' over Lake View Park since 1983."

ASHEVILLE LAKEVIEW PROPS., LLC V. LAKE VIEW PARK COMM'N, INC.

*Opinion of the Court*

Following a hearing in Buncombe County Superior Court before the Honorable Marvin P. Pope, Jr., Judge presiding, Judge Pope entered an order on 1 July 2015 granting defendants' motion to dismiss "as to every claim for relief set forth in the complaint." Plaintiffs filed a motion for relief pursuant to Rule 60(b)(6), or alternatively, a motion for reconsideration. The motion was denied by order entered 17 July 2015.

Plaintiffs appeal from the orders entered 1 and 17 July 2015, dismissing plaintiffs' claim and denying plaintiffs' Rule 60(b) motion and alternative motion for reconsideration.

―――――――――――――――――――――

On appeal, plaintiffs' primary argument is that the trial court erred by granting defendants' 12(b)(6) motion to dismiss. We disagree. Plaintiffs challenge the ruling that their complaint was barred by the statute of limitations and further assert the trial court erred by denying plaintiffs' motion for 60(b) relief or alternative motion for reconsideration.

*Analysis*

Plaintiffs argue that the trial court erred by granting defendants' Rule 12(b)(6) motion to dismiss the complaint.

> The motion to dismiss under N.C. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. In ruling on the motion, the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a

ASHEVILLE LAKEVIEW PROPS., LLC V. LAKE VIEW PARK COMM'N, INC.

*Opinion of the Court*

> matter of law whether the allegations state a claim for which relief may be granted.

*Kohn v. Firsthealth Moore Reg'l Hosp.*, 229 N.C. App. 19, 21, 747 S.E.2d 395, 397 (2013) (quoting *Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979)).

> It is well-settled that a plaintiff's claim is properly dismissed under Rule 12(b)(6) when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the claim; (2) the complaint on its face reveals the absence of facts sufficient to make a valid claim; or (3) the complaint discloses some fact that necessarily defeats the claim.

*Grich v. Mantelco, LLC*, 228 N.C. App. 587, 589, 746 S.E.2d 316, 318 (2013) (citation omitted). This Court reviews a trial court's ruling on a motion for Rule 12(b)(6) de novo. *Id.* "Where a trial court has reached the correct result, the judgment will not be disturbed on appeal even where a different reason is assigned to the decision." *Eways v. Governor's Island*, 326 N.C. 552, 554, 391 S.E.2d 182, 183 (1990).

> The statute of limitations may be raised as a defense by a Rule 12(b)(6) motion to dismiss if it appears on the face of the complaint that such a statute bars the plaintiff's action. It is well-established that once a defendant raises the affirmative defense of the statute of limitations, the burden shifts to the plaintiffs to show their action was filed within the prescribed period.

*Laster v. Francis*, 199 N.C. App. 572, 576, 681 S.E.2d 858, 861 (2009) (citations omitted).

Plaintiffs brought forth five substantive claims, four of which seek equitable relief pursuant to declaratory judgment.

ASHEVILLE LAKEVIEW PROPS., LLC V. LAKE VIEW PARK COMM'N, INC.

*Opinion of the Court*

*Declaratory Judgment*

"The purpose of the Declaratory Judgments Act is, to settle and afford relief from uncertainty and insecurity, with respect to rights, status, and other legal relations . . . . It is to be liberally construed and administered." *York v. Newman*, 2 N.C. App. 484, 489, 163 S.E.2d 282, 286 (1968) (citations omitted). Article 26 ("Declaratory Judgments"), codified within Chapter 1, Subchapter VIII, of our General Statutes, authorizes

> [a]ny person interested as or through an . . . administrator, trustee . . . or cestui que trust, in the administration of a trust . . . may have a declaration of rights or legal relations in respect thereto:
>
> . . . .
>
> (2) To direct the . . . administrators, or trustees to do or abstain from doing any particular act in their fiduciary capacity . . . .

N.C. Gen. Stat. § 1-255 (2015). "[A] declaratory judgment should issue (1) when [it] will serve a useful purpose in clarifying and settling the legal relations at issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceeding." *Goldston v. State*, 361 N.C. 26, 33, 637 S.E.2d 876, 881 (2006) (quoting *Augur v. Augur*, 356 N.C. 582, 588, 573 S.E.2d 125, 130 (2002) (citing N.C.G.S. § 1–257 (2005))). However, "if the statute of limitations was properly applied to plaintiff's underlying claims, no relief can be afforded under

ASHEVILLE LAKEVIEW PROPS., LLC V. LAKE VIEW PARK COMM'N, INC.

*Opinion of the Court*

the Declaratory Judgment[s] Act." *Ludlum v. State*, 227 N.C. App. 92, 94, 742 S.E.2d 580, 582 (2013).

Plaintiffs' *first* claim challenges the authority of the grantors of the 1996 deed to convey the Beaver Lake Trust to the Commission. The *second* claim challenges the authority of the Commission to levy assessments on the Lake View Park lot owners and the 1996 deed's assignment of the right to assess a levy to the Commission. Plaintiffs' *third* claim challenges the Commission's assertion (per its Articles of Incorporation) that all Lake View Park owners are members of the Commission and, thus, are subject to its Articles of Incorporation. The *fourth* claim seeks to impose a constructive trust upon the assessments levied upon the Lake View Park lot owners and retained by the Commission.[4]

Plaintiffs' first claim challenging the 1996 conveyance of the trust property to the Commission must fail. Taking plaintiffs' claims as true and assuming there is any defect in the title to the trust property, property that the Commission has maintained pursuant to the deed since at least 1996, plaintiffs' claims are barred by the statute of limitations. *See* N.C. Gen. Stat. § 1–38 (imposing a seven-year statute

---

[4] Plaintiffs' five claims specifically sought (1) equitable cancellation of 1996 Deed of Trust property (action at law for declaratory judgment as to ownership of trust property); (2) declaratory judgment as to assessments; (3) declaratory judgment as to Company membership; (4) declaratory judgment as to establishment of a constructive trust in favor of plaintiffs and lot owners in Lake View Park as to assessments; and (5) negligent misrepresentation by company (a violation of the Unfair and Deceptive Trade Practices Act).

ASHEVILLE LAKEVIEW PROPS., LLC V. LAKE VIEW PARK COMM'N, INC.

*Opinion of the Court*

of limitations barring claims for possession of real property against a possessor holding title); *see also Perry v. Bassenger*, 219 N.C. 838, 15 S.E.2d 365 (1941).

Plaintiffs' second and third claims are each rooted in a challenge to the authority of the Commission to act as the administrative commission for Lake View Park, a function the Commission has performed and Lake View Park lot owners have apparently relied upon since at least 1996.

Per the complaint, the Commission filed articles of incorporation with the Secretary of State in 1983 providing that the Commission was empowered to "[e]xercise all of the powers and privileges and to perform all of the duties as set forth in the Lake View Park deeds with Covenants and Restrictions . . . [as well as] '[f]ix, levy and collect property assessment in accordance of the provisions of the Covenants.' " While plaintiffs assert the Commission acted without authority by increasing the amount of the assessment imposed "per front foot" of each lot from the $0.15 rate established in 1938 to the current rate of $1.20 in 2011, plaintiffs' complaint contains facts showing that plaintiffs authorized the very actions about which they complain. Assuming plaintiffs had asserted an actionable claim, they would nevertheless be barred by a three year or six year statute of limitations.

Plaintiffs' fourth claim seeking a constructive trust also implies the existence of an express trust. The complaint sets out that the public property (trust property) of Lake View Park was to be administered by Lake View Park Commissioners, elected

ASHEVILLE LAKEVIEW PROPS., LLC V. LAKE VIEW PARK COMM'N, INC.

*Opinion of the Court*

by the lot owners of Lake View Park, in trust for the benefit of Lake View Park lot owners.

> A determination of which type of trust plaintiffs have asserted would usually be paramount to the inquiry of whether the statute of limitations barred plaintiffs' action since claims involving express trusts are governed by a three-year statute of limitations, and resulting and constructive trusts are governed by a ten-year statute of limitations. *See* N.C. Gen. Stat. §§ 1-52, -56 (2005). Moreover, where there is an express trust, the statute of limitations does not begin to run until a repudiation or disavowal of the trust occurs, while in instances of a resulting or constructive trust, the statute runs from the time the tortious or wrongful act is committed.

*Laster*, 199 N.C. App. at 576, 681 S.E.2d at 861 (citations omitted). "[O]ur Supreme Court held that '[w]hen a trustee by devise disposes of trust property in fee simple, free from and in contradiction of the terms of the trust, this is a repudiation or disavowal of the trust.' " *Id.* at 578, 681 S.E.2d at 862 (quoting *Sandlin v. Weaver*, 240 N.C. 703, 709, 83 S.E.2d 806, 810 (1954)). But regardless of the type of trust, plaintiffs' claims in the instant case would be barred.

Taking the allegations of the complaint as true, the Commission repudiated the terms of the Lake View Park trust by transferring the trust corpus to the Commission in 1996. If plaintiffs contend this is a violation of the terms of the trust, the purported transfer of the unencumbered trust corpus would be a repudiation or disavowal of the trust. *Id.* Such an act would commence the running of the applicable statute of limitations beginning in 1996. As the statute of limitations to bring a claim

ASHEVILLE LAKEVIEW PROPS., LLC v. LAKE VIEW PARK COMM'N, INC.

*Opinion of the Court*

for violation of an express trust is three years, plaintiffs' claim is barred. *Id.* at 576, 681 S.E.2d at 861. Plaintiffs also contend the Commission's conduct entitled them to imposition of a constructive trust (by collecting assessments and periodically increasing the assessment rate). The statute of limitations applicable to constructive trusts is ten years, and "the statute runs from the time the tortious or wrongful act is committed." *Id.* at 576, 681 S.E.2d at 861. Here, plaintiffs filed their complaint on 28 May 2015, almost twenty years after the 1996 deed was filed, the wrongful act of which they complain, and nearly thirty years from the initial assessment rate increase that occurred in 1985. Therefore, the trial court properly dismissed plaintiffs' claims seeking declaratory relief, including a constructive trust.

As for plaintiffs' final claim seeking relief on the grounds of negligent misrepresentation and violation of the Unfair and Deceptive Trade Practices Act, plaintiffs again challenge the authority of the Commission to impose monetary assessments per lot, expend the collected assessments on trust property, develop the southern trail between plaintiffs' respective lots and Beaver Lake, and generally exercise dominion and control over the trust property—administrative duties in which the Commission has been engaged since at least 1996.

"The statute of limitations applicable to negligent misrepresentation claims is three years. *See* N.C. Gen. Stat. § 1-52(5)[.]" *Guyton v. FM Lending Servs., Inc.*, 199 N.C. App. 30, 35, 681 S.E.2d 465, 470 (2009) (citation omitted). A four-year statute

ASHEVILLE LAKEVIEW PROPS., LLC v. LAKE VIEW PARK COMM'N, INC.

*Opinion of the Court*

of limitations is applied to claims for unfair and deceptive trade practices. *See Page v. Lexington Ins. Co.*, 177 N.C. App. 246, 251, 628 S.E.2d 427, 430 (2006) (reasoning "the UDTP claim [was] . . . governed by the four-year statute of limitations"). Therefore, given the time frames at issue here, the trial court properly dismissed plaintiffs' claims for negligent misrepresentation and unfair and deceptive trade practices. Accordingly, we affirm the trial court's order granting defendants Rule 12(b)(6) motion to dismiss all claims in plaintiffs' complaint.[5]

Having affirmed the trial court order dismissing plaintiffs' complaint, and for the reasons stated herein as to why we affirmed the trial court order, we likewise affirm the trial court order denying plaintiffs' Rule 60(b) motion or alternative motion for reconsideration.

AFFIRMED.

Judge INMAN concurs.

Judge TYSON dissents by separate opinion.

---

[5] The dissent takes the position that the trial court's ruling should have been converted to one for summary judgment, and cites to notes taken by the trial court at the Rule 12(b)(6) hearing as proof the trial court considered matters outside the pleadings. However, where the order dismissing all claims was based on the fact that all claims were barred by statutes of limitations, the complaint on its face discloses facts that defeat all claims. Thus, the position taken by the dissent is to no avail. On this record, notwithstanding "notes" made by the trial court, the clear basis for the trial court's ruling was the failure of the complaint to "state" a claim where all claims were barred by statutes of limitations. *See Page*, 177 N.C. App. at 248, 628 S.E.2d at 428 ("On appeal of a 12(b)(6) motion to dismiss for failure to state a claim, our Court conduct[s] a de novo review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." (alteration in original) (citation omitted)).

TYSON, Judge, dissenting.

The record clearly indicates the trial court's consideration of matters outside the face of the complaint converted Defendants' Rule 12(b)(6) motion to dismiss to a motion for summary judgment, and that Plaintiffs were not afforded a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." N.C. Gen. Stat. § 1A-1, Rule 12(b) (2015). I vote to reverse the trial court's order and remand and respectfully dissent.

## I. Relevant Facts

On 28 May 2015, Plaintiffs filed their complaint in Buncombe County Superior Court. Approximately a week later, on 5 June 2015, Defendants filed a Rule 12(b)(6) motion to dismiss, which asserted Plaintiffs' claims were barred by the statute of limitations. On 9 June 2015, Plaintiffs filed a motion for preliminary injunction to enjoin Defendants from "trespassing on Plaintiffs' properties, from removing or tampering with certain fences . . . , and from proceeding with construction of a walking trail[.]"

On 24 June 2015, Defendants served Plaintiffs with a memorandum of law in support of Defendants' motion to dismiss and in opposition to Plaintiffs' motion for a preliminary injunction. Defendants' memorandum included several attached affidavits and exhibits. In response, Plaintiffs submitted a memorandum of law in opposition to Defendants' Rule 12(b)(6) motion to dismiss. Plaintiffs' memorandum specifically states the trial court's standard under Rule 12(b)(6) and asserted

Defendants' arguments were not supported by a review limited to the face of the complaint.

Plaintiffs also served Defendants with a written objection to consideration of evidence on Defendants' Rule 12(b)(6) motion to dismiss on 26 June 2015 and formally filed the motion on 1 July 2015. Plaintiffs asserted the affidavits and exhibits submitted in support of Defendants' motion to dismiss constituted matters outside the face of the complaint and should be disregarded by the court in its consideration of Defendants' Rule 12(b)(6) motion.

Plaintiffs further specifically: (1) noted they had not submitted any additional evidence in response to Defendants' motion; (2) objected to the trial court's consideration of the evidence presented by Defendants; and (3) objected to the conversion of Defendants' motion to dismiss into a motion for summary judgment.

The trial court considered Defendants' Rule 12(b)(6) motion to dismiss at a hearing on 29 June 2015. At the hearing, Plaintiffs consistently reiterated, under Rule 12(b)(6), the court was to look solely at the legal sufficiency of the complaint and stated, "[a] lot of what we have heard already will be very appropriate for consideration under summary judgment when that day comes. This is not that day." After hearing the arguments, the trial court orally granted Defendants' Rule 12(b)(6) motion to dismiss and a written order was entered on 1 July 2015.

Prior to signing and entering the order on 1 July 2015, the trial judge met with the parties' counsel in his chambers to discuss the form and content of the order of dismissal. Both parties acknowledge this meeting occurred and at some point the judge shared a copy of his notes upon which he based his decision ("Rule 12(b)(6) Memo"). The Rule 12(b)(6) Memo is included in the record on appeal and begins by stating: "Basis for Rule 12(b)(6) ruling on June 29, 2015; *taking the allegations in the Complaint in light most favorable to the moving party*[.] (emphasis supplied). The Rule 12(b)(6) Memo then outlines the judge's understanding of some of the basic facts of the case, including information and facts not alleged in the complaint.

On 10 July 2015, Plaintiffs filed a motion for relief from the trial court's order pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(6), and, in the alternative, a motion for reconsideration. Plaintiffs again asserted the trial court had improperly considered matters outside the face of the complaint and that Defendants' motion to dismiss should have been denied under the proper standard of review applicable to Rule 12(b)(6). The trial court denied Plaintiffs' motion on 17 July 2015. Plaintiff appeals.

## II. Rule 12(b)(6) Standard of Review

"A motion to dismiss under Rule 12(b)(6) is an appropriate method of determining whether the statutes of limitation bar plaintiff's claims *if the bar is disclosed in the complaint*." *Carlisle v. Keith*, 169 N.C. App. 674, 681, 614 S.E.2d 542,

547 (2005) (emphasis supplied) (citing *Horton v. Carolina Medicorp*, 344 N.C. 133, 136, 472 S.E.2d 778, 780 (1996)).

"A Rule 12(b)(6) motion tests the legal sufficiency of the pleading." *Kemp v. Spivey*, 166 N.C. App. 456, 461, 602 S.E.2d 686, 690 (2004) (citation and quotation marks omitted). "When considering a 12(b)(6) motion to dismiss, the trial court need only look to the face of the complaint to determine whether it reveals an insurmountable bar to plaintiff's recovery." *Carlisle*, 169 N.C. App. at 681, 614 S.E.2d at 547 (citation and quotation marks omitted).

"On appeal from a motion to dismiss under Rule 12(b)(6), this Court reviews *de novo* whether, as a matter of law, the allegations of the complaint . . . are sufficient to state a claim upon which relief may be granted[.]" *Christmas v. Cabarrus Cty.*, 192 N.C. App. 227, 231, 664 S.E.2d 649, 652 (2008) (citation and internal quotation marks omitted), *disc. review denied*, 363 N.C. 372, 678 S.E.2d 234 (2009). This Court "consider[s] the allegations in the complaint true, construe[s] the complaint liberally, and only reverse[s] the trial court's denial of a motion to dismiss if plaintiff is entitled to no relief under any set of facts which could be proven in support of the claim." *Id.*

However, Rule 12(b) further provides:

> If, on a motion asserting the defense numbered (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion *shall* be treated as one for summary judgment and disposed of as provided in Rule 56, and *all parties shall be given*

4

> *reasonable opportunity to present all material made pertinent to such a motion by Rule 56.*

N.C. Gen. Stat. § 1A-1, Rule 12(b) (emphasis supplied); *see Snyder v. Freeman*, 300 N.C. 204, 208, 266 S.E.2d 593, 596 (1980) (agreeing the trial court's "dismissal on the ground of the statute of limitations was, in effect, the entry of summary judgment inasmuch as matters outside the pleadings must have been considered by [the court]"); *Williams v. Advanced Auto Parts, Inc.*, ___ N.C. App. ___, ___, 795 S.E.2d 647, 651 ("[A] Rule 12(b)(6) motion to dismiss for failure to state a claim is indeed converted to a Rule 56 motion for summary judgment when matters outside the pleadings are presented to and not excluded by the court."), *disc. review denied*, __ N.C. __, 799 S.E.2d 45 (2017).

"[T]he trial court [is] not required to convert a motion to dismiss into one for summary judgment simply because additional documents [are] submitted[.]" *Pinney v. State Farm Mut. Ins. Co.*, 146 N.C. App. 248, 252, 552 S.E.2d 186, 189 (2001), *disc. review denied*, 356 N.C. 438, 572 S.E.2d 788 (2002); *see Privette v. University of North Carolina*, 96 N.C. App. 124, 132, 385 S.E.2d 185, 189 (1989). Where the record clearly indicates the trial court did not consider the additional documents, this Court reviews the trial court's decision under Rule 12(b)(6). *Pinney,* 146 N.C. App. at 252, 552 S.E.2d at 189.

On the other hand, as here, where the record clearly demonstrates the trial court considered and did not exclude the additional documents, the Rule 12(b)(6)

motion is converted to a motion for summary judgment and the opposing party must be "afforded a reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Kemp*, 166 N.C. App. at 462, 602 S.E.2d at 690 (citation and internal quotation marks omitted). If the parties are not afforded such an opportunity, this Court remands the case "so as to allow the parties full opportunity for discovery and presentation of all pertinent evidence." *Id*.

### III. Rule 56 Summary Judgment Standard of Review

This Court reviews an order granting summary judgment *de novo* and views the evidence in the light most favorable to the nonmoving party. *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008); *Williams v. Habul*, 219 N.C. App. 281, 289, 724 S.E.2d 104, 109 (2012). Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2015); *see Draughon v. Harnett Cty. Bd. Of Educ.*, 158 N.C. App. 208, 212, 580 S.E.2d 732, 735 (2003) *aff'd per curiam*, 358 N.C. 131, 591 S.E.2d 521 (2004).

### IV. Analysis

While the trial court is not required to convert a Rule 12(b)(6) motion to a summary judgment motion based solely on the submission of additional documents, *Pinney*, 146 N.C. App. at 252, 552 S.E.2d at 189, where the trial court considered and

did not exclude such documents "the motion *shall* be treated as one for summary judgment and disposed of as provided in Rule 56[.]" N.C. Gen. Stat. § 1A-1, Rule 12(b) (emphasis supplied). The record before us demonstrates the trial court clearly considered matters outside the complaint, and apparently in the light most favorable to the moving party, prior to granting Defendants' motion to dismiss.

The trial judge's Rule 12(b)(6) Memo clearly states the information contained therein was the basis upon which the trial court granted the motion to dismiss. This memo includes facts and information not found within the four corners of the complaint. Specifically, the trial judge's notes 6(b) through 6(h) pertain to fences on Plaintiffs' properties. This issue was raised primarily in Plaintiffs' motion for preliminary injunction and in the Affidavit of Billy Jenkins filed in support of Defendants' motion to dismiss, and not in Plaintiffs' complaint.

The trial judge's Rule 12(b)(6) Memo also suggests the court applied the inappropriate standard of review. The Rule 12(b)(6) Memo states the court took "the allegations in the Complaint in light *most favorable to the moving party*[.]" (emphasis supplied). When reviewing a motion under Rule 12(b)(6), the trial court looks only at the allegations in the complaint and takes them as true. *Christmas*, 192 N.C. App. at 231, 664 S.E.2d at 652. Under summary judgment, the trial court must review the evidence in the light most favorable to the *nonmoving party*, here the Plaintiff. *See Williams*, 219 N.C. App. at 289, 724 S.E.2d at 109.

7

Even in absence of trial judge's Rule 12(b)(6) Memo, and unlike in *Pinney* and *Privette*, the record does not clearly indicate that the trial court specifically excluded the additional affidavits and exhibits Defendants presented in support of their Rule 12(b)(6) motion to dismiss, or that the trial court refused to consider those documents when granting the motion pursuant to Rule 12(b)(6). *See Pinney*, 146 N.C. App. at 252, 552 S.E.2d at 189; *Privette*, 96 N.C. App. at 132, 385 S.E.2d at 189.

Based upon the trial court's consideration of matters outside the face and four corners of the complaint, Defendants' Rule 12(b)(6) motion was converted to a motion for summary judgment under Rule 56. *See Kemp*, 166 N.C. App. at 462, 602 S.E.2d at 690. Upon conversion of the motion as one for summary judgment, the statute required that all parties "be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." N.C. Gen. Stat. § 1A-1, Rule 12(b).

Throughout the proceedings, Plaintiffs correctly and consistently argued and emphasized that Rule 12(b)(6) requires the trial court to look solely at the allegations in the complaint. Plaintiffs further noted they had not presented any additional evidence, which would be allowed if the court were proceeding under a summary judgment standard. Plaintiffs clearly objected to the consideration of such evidence, exhibits, and affidavits presented by Defendants. Based upon the record before us, Plaintiffs were not allowed the required "reasonable opportunity" to present material pertinent to summary judgment. *See* N.C. Gen. Stat. § 1A-1, Rule 12(b).

V. Conclusion

The trial court improperly considered matters and evidence outside the face of the complaint and failed to provide Plaintiffs with the statute's mandatory reasonable opportunity to present evidence pertinent to a motion for summary judgment. *See id.*

I respectfully dissent from the majority's analysis and ruling to affirm under Rule 12(b)(6) and vote to reverse and remand to allow both parties full opportunity for discovery and presentation of all pertinent evidence under Rule 56. *See id*; N.C. Gen. Stat. § 1A-1, Rule 56.