IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-239

No. COA21-515

Filed 5 April 2022

Wilkes County, No. 19 CVS 184

BROWN OSBORNE and wife JENNIFER OSBORNE, Plaintiffs,

v.

REDWOOD MOUNTAIN, LLC, Defendant.

Appeal by plaintiffs from order entered 20 April 2021 by Judge Richard S. Gottlieb in Wilkes County Superior Court. Heard in the Court of Appeals 9 March 2022.

> *Joines & James, P.L.L.C., by Timothy B. Joines and Carmen James, for plaintiffs-appellants.*
>
> *THB Law Group, by Bryan W. Tyson, for defendant-appellee.*

TYSON, Judge.

¶ 1        Brown and Jennifer Osborne ("Plaintiffs") appeal from a trial court's order converting Redwood Mountain, LLC's ("Defendant") motion to dismiss into a motion for summary judgment and granting that same motion. We affirm.

## I.    Background

¶ 2        This is the second appeal from these parties before this Court. *Osborne v. Redwood Mountain, LLC*, 275 N.C. App. 144, 852 S.E.2d 699 (2020). The prior appeal resolved the issue of venue for the action. *Id*. Defendant is the record owner of real

property that is located in both Alexander County and in Wilkes County ("Defendant's lot"). Plaintiffs are the record owners of real property, that is located adjacent to that portion of Defendant's lot in Wilkes County ("Plaintiffs' lot").

Plaintiffs filed an easement action in Wilkes County Superior Court in November 2002, asserting Plaintiffs held an easement over the portion of Defendant's lot located in Wilkes County. Plaintiffs were granted a default judgment in that easement action against Defendant's predecessor-in-interest, Almedia Myers.

The default judgment granted in the easement action was subsequently recorded with the Wilkes County Register of Deeds on 3 September 2003. The default judgment entered against Ms. Myers declared the property was located entirely within Wilkes County. In June 2018, this lot was transferred by General Warranty Deed to Defendant and the deed was recorded with the Register of Deeds in both Wilkes and Alexander Counties.

A dispute arose over a gate installed by Defendants in February 2019. Plaintiffs filed a complaint alleging the gate was erected across the easement.

## II. Procedural History

Plaintiffs filed their Complaint against Defendant with the Wilkes County Superior Court in February 2019 and requested relief via declaratory judgment by virtue of a prescriptive easement. Defendant filed a motion to change venue to Alexander County, which was denied, and that order was affirmed by this Court in

December 2020. *Osborne*, 275 N.C. App. at 150, 852 S.E.2d at 704.

¶ 7 Defendant filed a motion to dismiss pursuant to Rule 12(b)(6); Plaintiff filed a motion for summary judgment. The trial court entered its order on 14 April 2021. The order converted Defendant's Rule 12(b)(6) motion to dismiss to a motion for summary judgment; granted summary judgment in favor of Defendant; dismissed Plaintiffs' claims "without prejudice"; and, denied Plaintiffs' motion for summary judgment on the grounds "Plaintiff[s] ha[ve] failed to state cognizable claim for declaratory judgment or prescriptive easement." Plaintiffs appeal.

### III. Jurisdiction

¶ 8 Appellate review is proper pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2021).

### IV. Issues

¶ 9 Plaintiffs argue the trial court erred by: (1) failing to deny Defendant's motion to dismiss; (2) converting Defendant's motion to dismiss into a summary judgment motion; (3) refusing to continue Defendant's motion to dismiss once it was converted to a summary judgment; (4) granting summary judgment for Defendant; and, (5) denying Plaintiffs' motion for summary judgment.

### V. Motion to Dismiss

¶ 10 Plaintiff argues the trial court erred by failing to deny Defendant's motion to dismiss.

### A. Standard of Review

¶ 11    "In ruling on the motion [to dismiss] the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." *Grich v. Mantelco, LLC*, 228 N.C. App. 587, 589, 746 S.E.2d 316, 318 (2013) (citations omitted). "This Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Id.* (citation omitted).

### B. Rule 12(b)(6)

> Every defense, in law or fact, to a claim for relief in any pleading, . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
>
>  . . . .
>
> (6) *Failure to state a claim upon which relief can be granted*

N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2021) (emphasis supplied).

¶ 12    The trial court may rule on a motion to dismiss at any time prior to a verdict.

> A party who makes a motion under this rule may join with it any other motions herein provided for and then available to him. *If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted*, except a motion as provided in section (h)(2) hereof on any of the grounds there stated.

N.C. Gen. Stat. § 1A-1, Rules 12(g) (2021) (emphasis supplied).

> When a pleader has failed to state a claim upon which relief can be granted, his adversary is now permitted by Rule 12(b)(6) to assert this defense either in a responsive pleading or by motion to dismiss, and this motion performs substantially the same function as the old common law general demurrer.

*Forrester v. Garrett*, 280 N.C. 117, 119, 184 S.E.2d 858, 859–60 (1971).

¶ 13        Here, Defendant filed a motion pursuant to Rule 12(b)(3) on 7 May 2019, to address whether Wilkes County was the appropriate venue. Rule 12(g) provides a party is not required to "join with it any other motions." N.C. Gen. Stat. § 1A-1, Rule 12(g).

¶ 14        Defendant did not waive its right to pursue a Rule 12(b)(6) motion, as such motion can be made any time prior to a verdict and may be properly made following a Rule 12(b)(3) motion. The trial court did not rule on the Defendant's 12(b)(6) motion to dismiss, but instead converted the motion as one for summary judgment. The trial court did not err by not ruling on Defendant's motion to dismiss. Plaintiffs' arguments are without merit.

## VI.    Converting to Summary Judgment

¶ 15        "Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008).

¶ 16        Plaintiffs argue Defendant is barred from a Rule 12(b)(6) defense because he did not plead it in his answer.

¶ 17        N.C. Gen. Stat. § 1A-1, Rule 12(h)(2) provides exceptions to Rule 12(g). These exceptions include:

> *A defense of failure to state a claim upon which relief can be granted*, a defense of failure to join a necessary party, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.

N.C. Gen. Stat. § 1A-1, Rule 12 (h)(2) (2021) (emphasis supplied).

¶ 18        When a trial court hears matters beyond the facts asserted on the face of the complaint during a motion to dismiss under Rule 12(b)(6), the motion is converted into a Rule 12(c) motion for judgment on the pleadings, or into a motion for summary judgment under Rule 56. "[A]ll parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." N.C. Gen. Stat. § 1A-1, Rule 12(b) and (c).

¶ 19        Plaintiffs filed a motion for summary judgment on 17 February 2021. Plaintiffs had filed a verified complaint, and several supporting cases along with their motion for summary judgment, as evidence to be considered for their summary judgment motion and argued "there is no genuine issue as to any material fact." Defendant presented the opinion of this Court regarding the aforementioned Rule

12(b)(3) motion to change venue in this matter. *See Osborne,* 275 N.C. App. at 149, 852 S.E.2d at 703.

¶ 20          Defendant admitted the existence of the 2003 recorded default judgment establishing the easement, and presented cases in opposition to Plaintiffs' motion for summary judgment. Both Plaintiffs and Defendant had adequate opportunities to present evidence, as is demonstrated in the court's findings and conclusions in its order.

¶ 21          Further, the trial court acted within the Rule 12(h)(2) exceptions by permitting a conversion from a Rule 12(b)(6) failure to state a claim motion into a summary judgment motion. *See* N.C. Gen. Stat. § 1A-1, Rule 12(h)(2) and Rule 56.

¶ 22          Plaintiffs' claims for a declaratory judgment or prescriptive easement are improper because a dispute does not exist between the parties over the validity of the easement. The easement arising from the 2003 default judgment is recorded and valid. The trial court considered matters outside the pleadings, properly converted Defendant's motion to dismiss into a motion for summary judgment, and ruled appropriately. *See* N.C. Gen. Stat. § 1A-1, Rule 56.

**VII.    Failing to Continue Defendant's Converted Summary Judgment Motion**

¶ 23          For the reasons stated above and in light of Plaintiff's prior pending motion for summary judgment, we hold the trial court did not err in converting Defendant's motion to dismiss into a summary judgment and granting it for failure to find any

genuine issue of material fact.

### VIII.    Granting Summary Judgment for Defendant

¶ 24        Also, for the reasons provided above, we hold the trial court, upon reviewing the parties' verified pleadings evidence, authorities and arguments acted wholly within its authority to grant summary judgment in the absence of any disputed genuine issues of fact. The trial court did not err in granting Defendant's motion for summary judgment.

### IX.    Denying Plaintiffs' Summary Judgment

¶ 25        Plaintiffs' complaint set forth a claim for relief labeled "Declaratory Judgment" and a second alternative claim for a "Prescriptive Easement." The trial court stated in its order "While Plaintiffs may have a claim arising from an alleged interference with the rights established in the 2003 Judgment [i.e. the easement rights established thereby], they do not have a claim for declaratory judgment where there is no dispute as to the validity of the 2003 Judgment."

¶ 26        "[A] declaratory judgment action is appropriate when it will alleviate uncertainty in the interpretation of a written instrument." *Integon Nat'l Ins. Co. v. Helping Hands Specialized Transp., Inc.*, 233 N.C. App. 652, 658, 758 S.E.2d 27, 32 (2014) (citations and internal quotation marks omitted).

¶ 27        The necessary elements in a prescriptive easement claim require Plaintiffs to show:

(1) that the use is adverse, hostile, or under claim of right; (2) that the use has been open and notorious such that the true owner had notice of the claim; (3) that the use has been continuous and uninterrupted for a period of at least *twenty years*; and (4) that there is substantial identity of the easement claimed throughout the *twenty-year* period.

*Town of Carrboro v. Slack*, 261 N.C. App. 525, 535, 820 S.E.2d 527, 535 (2018) (emphasis supplied).

¶ 28 The trial court found no uncertainty in the existence of the easement recorded in 2003. A declaratory judgment action is improper. The 2003 easement has only been in existence for nineteen years, was only sixteen years old when Plaintiffs brought their complaint, and this claim fails to satisfy the twenty-year requirement for a prescriptive easement. *Id.*

¶ 29 The trial court, upon reviewing the parties' sworn pleading and other material and evidence, acted wholly within its authority to grant summary judgment after Plaintiffs failed to establish the existence of genuine issues of material fact.

## X. Conclusion

¶ 30 The trial court followed the proper statutory guidelines, heard the parties' evidence and arguments outside the pleadings, and determined to convert Defendant's motion to dismiss into a motion for summary judgment and to grant the motion. Plaintiffs' claim for a declaratory judgment or prescriptive easement is improper. Defendant does not dispute the existence of Plaintiffs' easement

established in the 2003 default judgment, that is lawfully recorded. The trial court's award of summary judgment for Defendant is affirmed. *It is so ordered.*

AFFIRMED.

Judges DIETZ and COLLINS concur.